# REPORTS OF CASES

DECIDED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

*(Continued from Volume 62.)*

## STATE v. JOSEPH.

No. 3997.   Decided December 12, 1923.   (221 Pac. 850.)

1. LARCENY—INFORMATION CHARGING OBTAINING PROPERTY BY FRAUD AND TRICK HELD SUFFICIENT. An information charging that defendant did steal, take, and carry away, by means of a trick, artifice, and device, shares of stock in a corporation, setting forth facts of the trick, artifice, and device, with intent by defendant of converting to his own use, and that the party defrauded intended to part with possession only, charged larceny.[1]

2. LARCENY—THAT BANK EXPECTED PAYMENT FOR STOCK STOLEN BY MEANS OF TRICK HELD NOT TO MAKE CHARGE ONE FOR FALSE PRETENSES. Where information charged that defendant did steal, by means of a trick, artifice, and device, shares of stock of a corporation and set forth the transaction, the fact that it might be inferred therefrom that the party defrauded expected payment for the stock, and not its return, did not make the charge one for obtaining property by false pretenses.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

[1] *People* v. *Berlin,* 9 Utah, 389, 35 Pac. 498; *State* v. *Donaldson,* 35 Utah, 96, 99 Pac. 447, 20 L. R. A. (N. S.) 1164, 136 Am. St. Rep. 1041.

Milton D. Joseph was convicted of grand larceny, and he appeals.

AFFIRMED.

*F. C. Loofbourow* and *Thomas Ramage,* both of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for the State.

WEBER, C. J.

The defendant was charged with embezzlement in one count of the information and was acquitted on that charge. In the second count he was charged with grand larceny and found guilty by the jury. From the judgment rendered on the verdict, he appeals.

In the count on which appellant was convicted it is charged that he did ''willfully, unlawfully and feloniously steal, take and carry away    *    *    *    by means of a trick, artifice and device    *    *    *    1,000 shares of stock of the Utah Copper Company,'' and that—

The ''trick, artifice and device was as follows: That the said M. D. Joseph at the time and place aforesaid did falsely pretend and represent to one J. E. Cosgriff, president and agent of the Continental National Bank at Salt Lake City, that he, the said M. D. Joseph, was then and there a duly authorized agent of one John Doe, whose other and true name is to affiant unknown, to convey from the said Continental National Bank of Salt Lake City, a corporation, to the said John Doe, whose other and true name is to affiant unknown, one thousand (1,000) shares of stock of the Utah Copper Company, of the value of $54,333.10, lawful money of the United States of America, the personal property of the Continental National Bank of Salt Lake City, a corporation.

''And the said M. D. Joseph, by means of the said trick and artifice, did, as aforesaid, take the said personal property aforesaid from the said the Continental National Bank of Salt Lake City, a corporation, and did and still does retain possession of the same, against the will of the said the Continental National Bank, a corporation, the said personal property, being then and there the prop-

erty of and in the possession of the said the Continental National Bank."

The only question is whether the crime of larceny is charged.

It is the contention of appellant's counsel that the facts stated in the information do not fall within the definition of larceny in our statutes, and that they do fall squarely within the definition of obtaining money or property by false representations. To this the Assistant Attorney General replies in his brief:

"Practically all the authorities hold that if a person, with a preconceived design to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases the fraud vitiates the transaction and the owner is still deemed to retain constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass, and the possession of the wrongdoer is still presumed to be the possession of the owner."

The information plainly charges that the property was obtained by means of falsehood and fraud, and with the felonious intention by appellant of converting it to his own use; the bank intending to part with possession only. This charges larceny as held in *People* v. *Berlin,* 9 Utah, 389, 35 Pac. 498:

"If the owner of personal property is induced by fraudulent representations to part with its possession intending also to part with the title, the transaction cannot be larceny. But if the person receiving the possession without the title has at the time a secret intention of converting it permanently to his own use and does so without the consent of the owner, he commits the crime of larceny."

See, also, *State* v. *Donaldson,* 35 Utah, 96, 99 Pac. 447, 20 L. R. A. (N. S.) 1164, 136 Am. St. Rep. 1041; *People* v. *Sichofsky,* 58 Cal. App. 257, 208 Pac. 340; 25 Cyc. 40-44; 17 R. C. L. § 15, p. 15.

The argument of appellant that the information charged obtaining goods by false pretenses and not larceny would have merit if it were alleged that the bank parted with the title to the bonds as well as with the possession. The

fact that it may be inferred that the bank expected payment for the bonds and not their return does not change the rule, which is plainly stated in *Welsh* v. *People*, 17 Ill. 339, as follows:

"If the owner of the goods alleged to have been stolen parts with both the possession and the title to the goods to the alleged thief, then neither the taking nor the conversion is felonious. It can but amount to a fraud. * * * If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending that the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a larceny." 25 C. J. § 98, p. 657; *Groover* v. *State*, 82 Fla. 427, 90 South. 473, 26 A. L. R. 373, and annotations; *State* v. *Ryan*, 47 Or. 338, 82 Pac. 703, 1 L. R. A. (N. S.) 862; *Chanock* v. *U. S.*, 267 Fed. 612, 50 App. D. C. 54, 11 A. L. R. 799; *State* v. *Matthews*, 143 Tenn. 463, 226 S. W. 203, 13 A. L. R. 314.

The information clearly charges larceny and not obtaining property by false pretenses.

The judgment of conviction is accordingly affirmed.

GIDEON, THURMAN, FRICK, and CHERRY, JJ., concur.