PEOPLE v. BERGMAN.

1. Embezzlement—Statutory Offense.
   Embezzlement is not an offense at common law, but is a creature of statute.

2. Same—Definition.
   Embezzlement consists in the application to the party's own use of property which came to his hands, under trust, by reason of his employment in a particular capacity, and the misapplication of it from the purpose for which he received it.

3. Same—Application of Statute.
   Under the statute (3 Comp. Laws 1915, § 15310), embezzlement or the fraudulent disposal of and conversion to his own use by an agent or employee applies only to "any money or other property of another which shall have come to his possession, or shall be under his charge by virtue of" his office

---

On the question as to distinction between larceny and embezzlement, see annotation in 11 A. L. R. 801; 13 A. L. R. 319.

or employment; the crime consisting in the intentional unlawful appropriation of the money or property of the employer by the employee.

4. SAME—EMBEZZLEMENT AND LARCENY DISTINGUISHED.

The distinction between embezzlement and larceny is that, while in the latter there must be a felonious taking, in the former there must be an unlawful appropriation of that which comes into possession rightfully.

5. SAME—EMPLOYEE NOT GUILTY OF EMBEZZLING THAT WHICH NEVER CAME INTO HIS POSSESSION.

An employee authorized to collect accounts and transmit to his employer the money received, who, without authority, allowed credits for claimed shortages, accepted checks for the balance, and forwarded the proceeds, although failing in his duty to collect the accounts, is not guilty of embezzlement of said shortages under 3 Comp. Laws 1915, § 15310, since the money represented thereby never was received by him, and therefore could not be misappropriated or converted to his own use within the meaning of the statute.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 17, 1929. (Docket No. 151, Calendar No. 33,860.) Decided March 28, 1929.

George A. Bergman was convicted of embezzlement. Reversed.

*Dunham & Cholette,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Earl W. Munshaw,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant was convicted, under section 15310, 3 Comp. Laws 1915, of embezzling certain moneys which came into his hands as clerk, agent, and servant of Armour & Company, his employer, and seeks review by writ of error.

Defendant had been in the employ of the company at Grand Rapids for more than 13 years. His duties required him to secure orders from retail dealers in

that city and mail them to the company at Chicago. Shipments were made direct to the customers. Invoices were sent to defendant by mail. It was his duty to make collections thereof. When doing so, customers would sometimes make claim for a credit for shortages or damaged goods. It was defendant's duty to take a statement of such claim and send it to the company for adjustment. He did not always do so. He would credit it on the bill, and accept a check in payment for the balance. Several of the dealers so testified, as well as the defendant himself. He did not report such credits to the company, but assumed to remit to them the full amount of the bill. This necessarily resulted in a shortage in his account with the company and a corresponding shortage in the customers' accounts with it. The checks accepted by him were made payable to the company. It was arranged that he should take these checks to a bank in Grand Rapids, indorse them with a stamp provided by the company for that purpose, and secure a draft for the amount, payable to the company, and mail it to the Chicago office. He had a few customers whose checks were drawn on other banks, and were not accepted by the bank which issued the drafts. He would, as he claims, get these cashed at the bank on which they were drawn, and deposit the proceeds to make up the amount of the draft. His shortage became so great that he felt compelled to report that the draft was in part in payment of accounts other than those for which the checks were given. The record discloses that he deposited all of the checks, and, as he claims, all of the money, received from customers in the bank of deposit and forwarded drafts therefor. He testified that his shortage was due entirely to the allowances he had made to customers when they paid their accounts.

The trial court, in his instructions to the jury, after stating the manner in which the defendant conducted business, as testified to by him, said to them that these allowances were made by him—

"without any authority, and that is embezzlement. There isn't any doubt about it, because he admits it all himself, so there is nothing for the jury to pass on. He has converted to his own use, for the purpose of making unauthorized allowances on these accounts, money that belonged to his employer, Armour & Company."

Error is alleged upon this instruction.

Embezzlement is not an offense at common law. It is a creature of statute. There is entire harmony in the definitions defining it. In Tiffany's Criminal Law, p. 789, it is said:

"The offense of embezzlement consists in the application to the party's own use of property which came to his hands, under trust, by reason of his employment in a particular capacity; and the misapplication of it from the purpose for which he received it."

See, also, 20 C. J. p. 407, and 9 R. C. L. p. 1264.

Under the statute, the fraudulent disposal of and conversion to his own use applies only to "any money or other property of another which shall have come to his possession, or shall be under his charge by virtue of" his office or employment. The crime consists in the intentional unlawful appropriation of the money or the property of the employer by the employee. *People* v. *Butts,* 128 Mich. 208, 214. The distinction between it and larceny is that, while in the latter there must be a felonious taking, in the former there must be an unlawful appropriation of that which comes into possession rightfully. *Taylor* v. *Kneeland,* 1 Doug. 67, 72. In *People* v. *McKinney,*

10 Mich. 54, Mr. Justice CAMPBELL said, at page 109:

"The term *embezzlement* * * * when used in statutes * * * has almost, if not quite, universally been confined to the misappropriation of property, by those to whose care it has been confided as officers or agents."

When the defendant made the allowances to customers, he received a check for the amount of the account less the shortage. The money represented by the shortage did not at any time come into his hands, nor was it ever under his control. It was his duty to collect it, but he did not do so, although he credited the shortage and receipted and accepted checks for the balance. But, unless it was actually received by him, he was not guilty of embezzling it. It cannot be said that he fraudulently misappropriated or converted to his own use that which never came into his possession.

Counsel for the prosecution rely on the following from 9 R. C. L. p. 1275:

"To appropriate 'to one's own use' does not necessarily mean to one's personal advantage. Every attempt by one person to dispose of the goods of another, without right, as if they were his own, is a conversion to his own use."

The defendant made no attempt to dispose of the goods shipped to customers. They were never in his possession.

The judgment is reversed, and a new trial ordered.

FEAD, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. NORTH, C. J., and POTTER, J., did not sit.