## STATE v. PETTIT.

No. 6125.  Decided August 17, 1939.  (93 P. 2d 675.)

Rehearing denied October 11, 1939.

*David T. Lewis* and *Wood R. Worsley,* both of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Asst. Atty. Gen., for the State.

LARSON, Justice.

This is an appeal from the judgment of the District Court of Salt Lake County, upon a charge of uttering a forged check knowing the same to be forged. A single issue is presented by the appeal. Did the defendant have a preliminary hearing and was he bound over upon the charge of which he stands convicted?

The preliminary complaint filed before the committing magistrate set out the crime of forgery in two counts. (1) that defendant "wilfully, unlawfully, falsely, feloniously, and with the intent to defraud Hemenway & Moser Company, a corporation, did forge and counterfeit the name of M. L. Lee, Jr. to a certain bank check, the tenor whereof is as follows." Then followed a facsimile of the instrument

in which the maker's name appeared as "M. L. Lee & Company, (signed) M. L. Lee, Jr." (2) That the defendant

"wilfully, unlawfully, falsely, feloniously, and knowing the same to be false, forged, counterfeited and intending to prejudice, damage and defraud Hemenway & Moser Company, a corporation, did utter, publish and pass genuine and true to and upon the said Hemenway & Moser Company, a corporation, a certain false, forged and counterfeited writing on paper purporting to be a bank check, the tenor whereof is as follows, to wit":

Then followed a facsimile of the check, the maker's signature appearing as "M. L. Lee, Jr."

The first count was dismissed by the magistrate and the defendant bound over to stand trial on the second count. The information alleges the unlawful uttering of a check and set out a facsimile of the instrument which is the same as the facsimile described in count number one of the compaint, which was dismissed by the magistrate.

The code of criminal procedure is designed to prevent a miscarriage of justice through technicalities. It provides that to charge a forgery the pleader need only allege, "A. B. forged a certain instrument purporting to be a promissory note (or describe the note or give its tenor or substance)." Section 105-21-47, page 229 c. 118, Laws Utah 1935. It is not necessary that the pleader set forth a copy or facsimile of the instrument alleged to be forged. "The description, if in a bill of particulars, is sufficient if it sets forth the character and contents of the instrument with such particularity as to enable the defendant to prepare his defense," section 105-21-24, page 226, c. 118, Laws of Utah 1935; and that no information shall be invalid because of any defects or imperfection in, or omission of, any *matter of form only*. Section 105-21-43, page 228, c. 118, Laws of Utah 1935.

The code of criminal procedure is not designed to eliminate essential averments or to permit the pleading of misleading factual data, whether or not it was done knowingly.

It cannot be regarded as mere surplusage if it is prejudicial to the defendant. Hence, where facsimiles are pleaded which are the gravamen of the offense charged they must be accurate and substantial in operative facts.

The signature to an instrument determines who is liable upon the instrument. The forgery of two checks upon the same individual as maker gives rise to two distinct causes of action. It follows, a fortiori, that a forgery of one's name in an individual capacity is a separate and distinct offense from a forgery of the same individual's name in a representative capacity. A conviction upon the one forgery would not support a plea of double jeopardy upon the trial of the second. In no sense can the two acts be the same. *State* v. *McIntyre*, 1937, 92 Utah 177, 66 P. 2d 879.

While the instrument upon which the defendant was bound over bears the signature of *M. L. Lee, Jr.* the one in the information bears the signature of *M. L. Lee and Company, M. L. Lee, Jr.* On the face of the pleadings these appear to be separate instruments, and the committing magistrate at the preliminary examination having dismissed the count charging forgery as to the check signed in a representative capacity, it follows that defendant did not have a preliminary hearing and was not bound over on the crime of uttering the forged check charged in the information.

Judgment is reversed and the cause remanded to the trial court with the direction to quash the information and remand the cause to the magistrate.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

WOLFE, Justice (dissenting).

In this case a complaint charged the defendant in two counts with forgery of a check purporting to have been made by M. L. Lee & Company by M. L. Lee, Jr., and with uttering a check known to be forged and purporting to have been

made by M. L. Lee, Jr. Both counts were founded on the same instrument. At the preliminary hearing the first count was dismissed and the defendant was committed on the second count. The information charged uttering a check known to be forged and set out a check made by M. L. Lee & Company by M. L. Lee, Jr., as contained in the first count of the complaint. A motion to quash was interposed on the theory that the defendant had had no preliminary hearing for uttering a forged check of tenor as charged in the information. The information correctly set forth the instrument as introduced in evidence. The error lay in failing to set forth the complete signature in the second count of the complaint. Here then there was a variation in complaint and information. Was it such as to make the information one on which defendant had not been given a preliminary hearing?

R. S. U. 1933, Section 105-11-1, as amended by Chap. 143, Laws of Utah 1937, dealing with complaints before magistrates, provides generally those things which a complaint must state. No question is raised but that the complaint was sufficient to support a conviction. The section adds:

"However, in cases of public offenses triable upon information, indictment or accusation, the complaint, the right to a bill of particulars, and all proceedings and matters in relation thereto, shall conform to and be governed by the provisions of the new Chapters 21 and 23 of Title 105, Revised Statutes of Utah, 1933, as enacted by Chapter 118, Laws of Utah, 1935."

Section 105-23-3 (2) (a) of Chap. 118, Laws of Utah 1935, provides that a motion to quash will lie on the grounds:

"That an information was filed without the defendant first having had or waived a preliminary examination."

This is the basis of the motion here. In fact there was a preliminary examination prior to filing the information. Defendant's true position is that there was no preliminary examination on a complaint charging the identical offense in the identical way charged in the information. Section 105-23-3 provides for no such basis of a motion to quash.

But there was a defect in the complaint since it set out a check signed simply M. L. Lee, Jr., instead of M. L. Lee & Company by M. L. Lee, Jr. The effect of this defect is governed by Section 105-21-43, Chapter 118, Laws of Utah 1935, entitled "Defects, Variances and Amendments." This section relates to differences in information and proof but since Section 105-11-1 refers to Chapters 21 and 23 for rules governing preliminary examination, the general principles of those chapters and of this section are applicable. The section provides, in part:

"(2) No variance between those allegations of an information, indictment or bill of particulars, which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the information, indictment or bill of particulars to be amended in respect to any such variance, to conform to the evidence.

"(3) If the court is of the opinion that the defendant has been prejudiced in his defense upon the merits by any such defect, imperfection or omission or by any such variance the court may because of such defect, imperfection, omission or variance, unless the defendant objects, postpone the trial, to be had before the same or another jury, on such terms as the court considers proper. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution."

This section puts determination of prejudice and of the relief to be given within the discretion of the trial judge. Here it was within the court's discretion to determine whether difference in complaint and information warranted quashing the information (assuming the motion to quash to have lain) and the court held against the defendant. This court should not override that exercise of discretion.

Furthermore, there is no claim or showing of prejudice, and the only justifiable inference is that defendant sought to take advantage of a technical mistake. The spirit of the amendments to our Criminal Code by the 1935 and 1937 legislatures is to remove technical "outs" for the defendant

and supply a rule of liberality for pleadings which will work justice to defendants and require a showing of prejudice to gain reversal.

And even apart from our rules of liberalized criminal procedure the prior decisions of this court would support the judgment of the district court in this case. The court has previously stated the purpose of the preliminary examination, which is a guide as to the rules which should govern it. In *State* v. *Anderson,* 35 Utah 496, 500, 101 P. 385, 386, it is said:

"One purpose of these preliminary proceedings is to enable the defendant to inform himself of the nature of the accusation made against him, to be confronted with, and to cross-examine, the witnesses testifying on behalf of the state, and thereby given an opportunity to fully inform himself of the facts and circumstances upon which the state relies to sustain the charge, and be prepared to meet it when he is brought to trial. *State* v. *Jensen* [34 Utah 166] 96 P. 1085."

And in *State* v. *Hale,* 71 Utah 134, 144, 263 P. 86, 89, the purposes were thus stated:

"The purposes of a complaint are twofold: To advise the defendant of the charge made against him; and to enable the committing magistrate to determine whether or not the defendant should be bound over to the district court to stand trial for the offense charged in the complaint."

Defendant has not alleged, nor does it appear, that he was misled by the second count of the complaint, or that the offense of which he was convicted was not stated in the complaint. He was charged with and convicted of uttering a check known to be forged, and the date and nature of the check were set forth. In fact, he knew that counts one and two were founded on the same instrument and that the first count set out the correct signature whilst there was a defect in the second count. Hence, he was informed of the true signature and of the defect. If defendant could show that two checks are involved, one as described in the second count, his motion should have been granted. That was the basis

of granting relief to appellant in *State* v. *Jensen,* 34 Utah 166, 96 P. 1085, and *State* v. *Nelson,* 52 Utah 617, 176 P. 860. In the latter case the complaint charged carnal knowledge occurring on July 13, 1917, as did the information. After a mistrial a new trial was begun in which the prosecution announced there were two offenses, committed on July 13th and July 15th, and the prosecution would rely on the latter one. Defendant's objections were overruled. On appeal this court held there had been no preliminary examination on the charge of which defendant was convicted. But the decision was placed squarely on the ground that it appeared that two offenses had been committed and that when the preliminary examination is directed to one of those that one alone will support information and conviction. In 52 Utah at pages 619, 620, 176 P. at page 860, the court said:

"The case is singularly free from doubt or uncertainty as to there being two distinct and separate acts of intercourse between the parties, one on the 13th and one on the 15th of July, 1917. It is equally certain from the record that there was only one preliminary examination, and that was for the offense alleged to have been committed on the 13th. It is also true that there was but one information filed in the case, and that was for the offense alleged to have been committed on the 13th.

"But the defendant was, by election of the state's attorney, against defendant's protest tried and convicted for the offense alleged to have been committed on the 15th, and for this alleged transaction no preliminary examination was had or waived and no information was filed.

"* * * We are of the opinion that, when the pleader draws an information as contemplated by the Constitution, he must have in mind a particular transaction having the elements of time, place, and circumstance, which transaction in his judgment is unlawful, and if there has been a preliminary examination and commitment, the transaction in mind must be the same transaction for which the accused was previously examined."

In the case at bar there was no waiver of preliminary examination and it could not be contended that defendant waived examination only on the identical offense charged in the complaint. See *State* v. *Pay,* 45 Utah 411, 420, 146

P. 300, Ann. Cas. 1917E, 173. Here an examination was held. The state called two witnesses and introduced Exhibit "A," which is patently the check on which both counts of the complaint were based. The first count was dismissed and defendant bound over on the second. Can defendant now say he was not informed of the charge against him? He makes no such assertion and this court should indulge none. There were not two checks; and there was no possible basis of confusion with another transaction as in the above cases. Defendant has not been prejudiced and has not been denied a preliminary examination.

Our cases establish that less particularity is required in a complaint for preliminary hearing than in an information. *State* v. *Pay,* supra, 45 Utah at page 424, 146 P. 300, Ann. Cas. 1917E, 173; *State* v. *Anderson,* supra, 35 Utah at page 500, 101 P. 385; *State* v. *Hale,* supra, 71 Utah at page 144, 263 P. 86; 14 Am. Jur. 935, 937; 26 C. J. 930. This liberality is in line with the purpose of the preliminary examination. It is not a contest of wits or precise pleading but a hearing designed to give information to both magistrate and accused. The complaint therefore need not be followed strictly by the information.

A sufficient authority to control this case is the analogous case of *State* v. *Leek,* 85 Utah 531, 39 P. 2d 1091, 1092. A complaint on which preliminary examination is to be held must state, according to Section 105-11-1, R.S.U. 1933, six things, of which two are "(4) The acts or omissions complained of as constituting the crime or public offense named" and "(5) The person against whom or against whose property the offense was committed, if known." The principal case involves subsection (4) while the Leek case involved subsection (5). Both are forgery cases. In the Leek case the complaint charged that defendant committed forgery "with intent to defraud * * * National Army and Navy Store." Defendant was bound over and tried on an information charging intent to defraud the same store. Upon the trial this portion of the information was amended so as

to name the partners doing business under the name of National Army and Navy Store. Defendant resisted this, saying the amendment changed the complaint " 'so vitally and substantially * * * that the hearing before the Justice did not amount to a preliminary hearing on the crime charged.' " The court, in 85 Utah at pages 534-536, 39 P. 2d at page 1092, thus answered that contention:

> "This court has repeatedly held that an accused may not be tried in the district court upon an information unless he has either had a preliminary examination, or, with the consent of the state, has waived a preliminary examination of the offense charged, if the objection be timely raised. *State* v. *Hale*, 71 Utah 134, 263 P. 86, and cases there cited. * * *
>
> "In the instant case, forgery was charged in the complaint, forgery was charged in the information, and it was forgery of which the defendant was found guilty. No complaint can be made upon the ground of difference of offense charged. While the statute, 105-11-1, R. S. Utah 1933, does require the complaint to state 'the person against whom or against whose property the offense was committed, if known,' there is no requirement that the complaint shall state that the name of the person against whom or the description of the property shall be inserted. The fact that the 'Army and Navy Store' was named as the person against whom or against whose property the offense was committed does not destroy the efficacy of the complaint as regards stating a public offense. No one was misled by the allegation and, when the amendment was made, had it been made to appear to the satisfaction of the court, and made a part of the record, and had the defendant so shown cause or reason why he was prejudiced or should not proceed with the trial the court would have given the accused such reasonable time as might have been necessary to meet any new matter set up in the amendment. *State* v. *Jensen* [83 Utah 452], 30 P. 2d 203."

The rule laid down by the opinion of the court is too strict. It enables a defendant to obtain a new trial on a technical objection which neither misled nor prejudiced him. Only on one of those grounds need the trial court have granted the motion to quash and forced the state to draft a new complaint, make a new arrest, and hold an additional preliminary hearing which will add nothing to defendant's knowledge of the offense relied on by the state.

The argument of double jeopardy has nothing to do with this case. If another information were filed after conviction involving the same instrument double jeopardy could be pleaded on its face; if the subsequent information set out the check as contained in count two of the complaint, double jeopardy could not be pleaded, but proof would fail because no such check could be introduced to support the information, unless indeed another check of that tenor could be shown to have been uttered, in which case of course there would be no double jeopardy. The conviction should be affirmed.