303 P.2d 1099

STATE of Utah, Plaintiff and Respondent,

v.

John F. LEDKINS, Defendant and Appellant.

No. 8537.

Supreme Court of Utah.

Dec. 5, 1956.

Dahl & Sagers, Midvale, for appellant.

E. R. Callister, Atty. Gen., Keith R. Bean, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Intermediate appeal from an order of the lower court denying defendant's motion to quash and dismiss the information on the ground that the statutory provisions under which defendant was charged are unconstitutional.

Defendant was originally charged with knowingly violating rules and regulations while a guard at the Utah State Prison in violation of sections 64–9–38 and 64–9–41, U.C.A.1953 as follows, to wit:

"That the said John Franklin Ledkins at the time and place aforesaid, he then and there being employed in the Utah State Prison as a guard, did wilfully and knowingly violate the rules and regulations for the government of said prison adopted by the board."

At the preliminary hearing a second count was added to the complaint, as follows:

"That the said John Franklin Ledkins at the time and place aforesaid, he then and there being employed in the Utah State Prison as a guard, did wilfully, knowingly attempt to supply drugs to an inmate."

Upon motion of the state, the first count was dismissed and the defendant was bound over to stand trial on the second count.

The information filed by the District Attorney charged defendant with the crime of knowingly violating rules and regulations while a guard at the Utah State Prison, in violation of title 64, chapter 9, sections 38 and 41, Utah Code Annotated, 1953, as follows, to wit:

"That on or about the 11th day of January, 1956, at the County of Salt Lake, State of Utah, John Franklin Ledkins, then and there being employed in the Utah State Prison as a guard, did wilfully, knowingly attempt to supply drugs to an inmate."

At the time of arraignment, defendant filed a demand for bill of particulars, a motion to quash and a motion to dismiss. A bill of particulars was furnished the defendant.

Defendant's motions were argued and submitted on the same day. At the time the motions were argued the District Attorney dismissed the count of knowingly violating rules and regulations while a guard at the State Prison and by permission of the court filed an amended information.

The defendant is charged in the amended information with the crime of attempting to give or sell a drug to an inmate of the Utah State Prison while a guard, in violation of Title 64, Chapter 9, sections 41 and 38, Utah Code Annotated, 1953 as follows, to wit:

"That on or about the 11th day of January, 1956, at the County of Salt Lake, State of Utah, John Franklin Ledkins, then and there being employed in the Utah State Prison as a guard did wilfully attempt to give or sell drugs to an inmate."

Defendant contends that the trial court has no jurisdiction to proceed further against him because (1) the statutes under which he is charged are void and unconstitutional in that they are (a) vague, indefinite, uncertain, ambiguous and are inconsistent with other sections of the Utah Code Annotated, 1953, applicable to the state prison, (b) and for the further reason that said statutes constitute an improper delegation of legislative power under the provisions of Section 1, Article 5 of the Constitution of the State of Utah.

Defendant further urges that even if it be found that the specific provisions of the criminal statute under which he is charged be held valid, yet other provisions of the same statute are invalid and the entire statute is rendered void and the provisions are not severable.

Defendant urges as a further point in support of his appeal that he did not have a preliminary hearing on the charge contained in the information now pending before the trial court.

The statutes under attack by defendant are sections 64–9–38 and 64–9–41, U.C.A. 1953. Those sections provide:

"64–9–38. Duties of guards and keepers—Penalty for breach.—The guards, keepers and employees of the state prison must be ready at all times to attend to any duty required of them

by the warden. The several keepers and guards are hereby expressly charged with all the duties and responsibilities of jailers. Any guard, keeper or other employee of the state prison who knowingly violates any rule or regulation adopted by the board, or who violates any of the provisions of this chapter, or who neglects to perform the duties required of him by the rules and regulations of the prison or by the provisions of this chapter, is guilty of a felony, and may be punished by a fine not exceeding $1,000 or by imprisonment in the state prison for a period not exceeding three years, or by both such fine and imprisonment."

"64–9–41. Use of liquors and drugs forbidden.—No spirituous or fermented liquor, drug, medicine or poison shall, on any pretense whatever, be sold or given away in the prison or in any building appurtenant thereto, or on the land granted to the state for the use and benefit of the prison; and no such drug or medicine shall be given to, or suffered to be used by, any convict in the prison unless he is ill, and then only under the special direction of the prison physician."

Defendant earnestly urges that if a person is charged with a crime under a statute which is partially invalid, the invalid portion permeates and invalidates the whole so as to render the portion invalid which, but for the invalidity of another portion, would be valid. He contends that although the portion of the statute charging him with attempting to give or sell drugs to an inmate standing alone would be valid, still certain provisions of the statute if unconstitutional render all the provisions unconstitutional.

Hence it is necessary that we determine whether the provisions of the statute which standing alone would be unquestionably valid are severable from the objectionable provisions, or if they must all fall together.

In Union Trust Co. v. Simmons, 116 Utah 422, at page 429, 211 P.2d 190, at page 193, this court said:

"Severability or separability where part of a statute is unconstitutional, is primarily a matter of legislative intent. The test fundamentally is whether the legislature would have passed the statute without the objectionable part, and whether or not the parts are so dependent upon each other that the court should conclude the intention was that the statute be effective only in its entirety. * * * Frequently the courts are aided in the determination of legislative intent by the inclusion within a statute of a 'saving clause'. No saving clause is present in the present enactment however."

█ There is no saving clause in the statute in question. Although the above

rule was laid down in a civil action, it is well established that the same basic rules apply to statutory construction of criminal and civil statutes. Sutherland on Statutory Construction, Vol. 2, section 2418, topic criminal and civil statutes, at page 196 states:

"In dealing with the problem of separability, courts have recognized a distinction between criminal or penal statutes and purely civil acts. The refusal of the United States Supreme Court to restrict the application of a statute to maintain its constitutionality arose in a penal statute, and may have been intended to be confined to such enactments. For the most part, however, the distinction has not been closely followed. In keeping with the principle of statutory construction that criminal statutes will be strictly construed against the state, penal statutes will be more often struck down for partial invalidity than purely civil enactments, even though the same rules of construction are followed in handling both types of legislation.

"In separability cases where part of an act is invalid as to all applications, penal statutes have been held both entirely void and separably enforceable. The same division of authority has obtained in cases where acts are found invalid in some applications although valid in others. Perhaps the most that can be said for the distinction between criminal and civil statutes in that the penal nature of a statute may be a makeweight on the side of inseparability."

■ However, when we remember that the rule of strict construction of penal statutes does not apply in this state but that the provisions of our revised statutes "are to be construed according to the fair import of their terms with a view to effect the objects of the statutes and to promote justice,"[1] the reason for a makeweight in favor of a penal statute would seem to disappear.

■ It would appear that the statute in question may be treated as severable without doing violence to the same and achieving a result which would seem to be in complete accord with the legislative intent.

Section 64–9–38 of the statute in question provides that any guard of the prison who knowingly violates any rule or regulation adopted by the board, or who violates any of the provisions of this chapter, is guilty of a *felony*. Chapter 9 of Title 64 deals at considerable length with the state prison— with the board of corrections, officers and employees of the prison including guards and keepers, prisoners and visitors and all

1. Section 76–1–2, U.C.A.1953.

kindred matters. The chapter in section 41 thereof deals specifically with giving or selling any liquor, drug, medicine or poison in the prison.

It would be unreasonable to assume from a reading of chapter 9, that the legislature intended that all its salutory and efficacious provisions should be struck down if it were held that the provision of section 38 making it a felony to fail to meet any rule or regulation adopted by the board was invalid.

In our opinion there is a substantial distinction between a rule made for the orderly conduct of guards and employees involving the question of discipline only, and the rule requiring conduct on the part of a guard calculated to protect the morals of the inmates and demanding a standard of moral conduct unrelated to an infraction of a minor rule affecting the guard and pride of his superior office only and having no bearing whatsoever on the morals of the inmates.

It could not reasonably be contended that had the provisions as to violation of rules and regulations not been enacted, the balance of the section must fall as not constituting a clear declaration of legislative intent as to selling or giving drugs to inmates. Nor are we convinced that the legislature intended that section 38 fall if the language dealing with compliance with rules and regulations adopted by the board were stricken down.

We are convinced that the portion of section 38 of chapter 9 prohibiting giving or selling drugs to inmates under which defendant was charged is severable from the portion of said section prohibiting the violation of any rule or regulation adopted by the board attacked by defendant as unconstitutional.

In 82 C.J.S., Statutes, § 93, pp. 156–157, it is stated:

"The valid part of a statute will be sustained where the valid and invalid parts are so separate and distinct that it is clear, or may be presumed or concluded, that the legislature would have enacted the former without the latter, if it had known of the invalidity, * * *."

In this case if the provisions of section 64–9–38 prohibiting guards from violating any rule or regulation adopted by the board be held unconstitutional, the remaining provisions of said section prohibiting the giving or selling of drugs is not rendered invalid by association.

In State v. Walter Bowen & Co.,[2] the Supreme Court of Washington said:

"The appellant urges the unconstitutionality of the other provisions of the law to render the entire act void. We conceive it to be the unquestioned rule that a person cannot invoke a constitu-

2. 86 Wash. 23, 149 P. 330, at pages 332, 333.

tional objection to a part of a statute not applicable to his own particular case. * * *

"Unless a person's rights are directly involved, courts will postpone inquiry into constitutional questions which are separable therefrom until they are met upon a question directly at issue, unless the unconstitutional feature of it, if it exists, is of such a character as to render the entire act void."

We are not required to decide what result would follow were the defendant charged with violating a rule or regulation adopted by the board. Holding as we do that the provisions of section 38 are severable, the answer to what we would do were defendant charged under the "rule or regulation" provision of the section becomes moot.

Nor are we unmindful that the legislature in enacting chapter 9 sought to impose a high degree of responsibility and integrity on the guards because of the larger opportunity for contact given such guards with the inmates. We should not treat the position of a guard as that of a Sunday School teacher.

■ As to the further point urged by defendant, we find no merit to the same. Defendant contends that he was not fully apprised of the accusation against him be-cause the complaint upon which he was bound over to the district court charged him with attempting to supply drugs to an inmate whereas the information charged him with attempting to give or sell drugs to an inmate. Let it be conceded that great care to accurately charge an offender is desirable; it does not follow that the failure to use the exact words of the statute is fatal.

Section 77–21–8, U.C.A.1953 reads:

"(1) The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

*       *       *       *       *       *

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged."

We are of the opinion that the terms *"attempt to supply"* or *"attempt to give or sell"* mean substantially the same, and that the defendant and the court were apprised of the offense with which it was intended to charge defendant.[3]

Affirmed.

---

**3.** See State v. Stites, 5 Utah 2d 101, 297 P.2d 227.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, J., concurs in the result.