350 P.2d 619

**STATE of Utah, Plaintiff and Respondent,**

v.

**Carl Mack COURTNEY, Defendant and Appellant.**

No. 9189.

Supreme Court of Utah.

April 6, 1960.

Paul N Cotro-Manes, Salt Lake City, for appellant.

Walter L. Burge, Atty. Gen., Vernon B. Romney, Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

The defendant, Carl Mack Courtney, was accused of the crime of assault with a deadly weapon. He appeals from a judgment of conviction entered upon the jury's verdict of guilty.

The defendant, driving his automobile and accompanied by two young women, stopped at a stop sign at the intersection of Wall Avenue and Riverdale Road in Weber County, state of Utah. The complaining witness, Gorman W. Irwin, driving his own automobile, stopped immediately behind the defendant and waited for the defendant to go forward. The defendant started off and apparently small rocks or loose gravel were spun from the wheels of the defendant's automobile and struck Irwin's car. This infuriated Irwin who took off after the defendant, pulled up alongside of the defendant's car and yelled over to Courtney, and, using profanity, said if he did that again he would "punch him in the nose." Courtney yelled back that if he thought he could do it, then for Irwin to pull over and stop. Irwin pulled over to the side of the road and started to stop. Courtney did likewise. Courtney stopped first; Irwin pulled up behind Courtney's car and got out. It was 7:15 p. m. and dark and the street was poorly lighted. Irwin testified that he got out of his car and started forward to punch Courtney in the nose and that he told Courtney to get ready to fight. As the two men came within about three feet of each other, Irwin saw that Courtney had a beer bottle in his left hand, being held in the position that one would hold a bottle to drink from; and being held in Courtney's right hand was a small revolver. Irwin testified that Courtney pulled the trigger three times and that he heard three clicks, but the gun did not fire. Irwin closed with Courtney and Courtney hit Irwin on the shoulder with the bottle, which then fell to the ground. Irwin grabbed the defendant's left arm and the defendant raised the gun over his head so that Irwin could not get hold of it. Irwin then released Courtney, went back to where the beer bottle lay, picked up the bottle and started after Courtney again, who backed around to the front of his car. Irwin testified that as he approached the front of the car, he told Courtney that he (Irwin) would "bash his brains in" with the beer bottle. At that time the first and only shot was fired. Irwin admitted on cross-examination that he did not see whether or not the gun was pointed at him at the time the shot was fired, but he did emphasize that the defendant's head and arm were pointed at him. Following the shot, Irwin told Courtney that he would not fight him while

Courtney had the gun and for him to get in his car and leave. Courtney replied that he would not get in his car while Irwin had the bottle, thereupon Irwin threw the bottle away and Courtney got into his car and left.

The testimony of the weapons expert and the arresting officer revealed that the weapon, while old and in poor shape, was capable of being fired. The weapon was a double action .22 caliber revolving pistol which held seven cartridges. The evidence showed that at the time that the weapon was seized by the arresting officers, the weapon contained six unfired cartridges and one fired cartridge. The testimony showed that the fired shell casing indicated a normal fall of the hammer and that it had been hit only once with the hammer. The weapon was in such a condition that with the cylinder in a certain position the trigger could have been pulled three times without a firing, but that there was a very slight click.

The defendant first contends that the information filed by the State, charging him with the crime of assault with a deadly weapon was defective and therefore the lower court was without jurisdiction. The alleged defect was the omission to set forth the section of the Utah statutes which the defendant was accused of violating. The information merely accused the defendant of the "crime of assault with a deadly weapon as follows, to-wit: that the defendant assaulted Gorman W. Irwin with a deadly weapon, to-wit: a gun (a .22 cal. pistol)."

■ True, the information before us does not follow the suggested form prescribed in the Utah Penal Code.[1] However, while it is desirable that the information accurately charge an offender, mere failure to use the exact words of the statute is not fatal.[2]

The information meets the requirement of 77–21–8(1) (a), U.C.A.1953.[3] It charges the offense for which the defend-

1. 77–21–6, U.C.A.1953: "The information may be in substantially the following form:
    "In the district court of the ..........
    district, in and for the county of
    .......... State of Utah.
    "The State of Utah, plaintiff, vs. A. B., defendant.
    "X.Y. the district attorney for the .......... district accuses A. B. of (here charge the offense in one of the ways mentioned in section 77–21–8—e. g. murder, assault with intent to kill, poisoning an animal contrary to section 76–5–12 of the Penal Code) and charges

that (here the particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars)."
2. State v. Ledkins, 5 Utah 2d 422, 428, 303 P.2d 1099.
3. 77–21–8(1) (a), U.C.A.1953: "(1) The information or indictment may charge and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:
    "(a) By using the name given to the offense by the common law or by a statute."

ant was prosecuted by using the name given to the offense by statute. The Constitution of the State of Utah [4] prescribes no form nor required allegations for an information. It gives to an accused the right to demand the nature and cause of the accusation. If an accused deems the information deficient, he may demand a bill of particulars advising him of the nature and cause of the accusation.[5]

 We are of the opinion that the information adequately complied with our Constitution and statutes by apprising the defendant that he was charged by the State of Utah with the crime of "assault * * with a deadly weapon," the name given the offense by statute.[6] Furthermore, his failure to demand a bill of particulars, precludes the defendant on this appeal to question, for the first time the sufficiency of the information.[7]

Defendant claims that the trial court erred in failing to instruct the jury as to lesser included offenses. However, he admits that no request was made for such instructions and thus the court did not err in its failure to give them.[8]

Contrary to defendant's last contention, we hold that there was ample evidence to sustain the jury's verdict of guilty.

4. Art. I, sec. 12.
5. 77–21–9, U.C.A.1953.
6. 76–7–6, U.C.A.1953.
7. State v. Whitmore, 126 Ohio St. 381, 185 N.E. 547.

· Affirmed.

CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

HENRIOD, J., dissents.

8. State v. Sullivan, 73 Utah 582, 591, 276 P. 166; State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618.