378 P.2d 352

The STATE of Utah, Plaintiff and
Respondent,

v.

Ronald D. TAYLOR, Defendant and
Appellant.

No. 9739.

Supreme Court of Utah.

Jan. 21, 1963.

C. C. Patterson, Ogden, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Justice.

Defendant appeals from a conviction after trial to the court upon the charge that he: on or about the 31st day of October, 1961, committed a felony, to-wit: embezzled money of a value exceeding $50.00 from Utah By-Products Company.

Defendant drove a truck for that company picking up scrap fat, meat and bones from butcher shops and cafes on a daily route. He would give each customer a slip showing the poundage of the items picked up and turn in a copy to the company, which would issue checks to the customers in payment. There was one exception to this procedure. Hill Field Air Force Base required payment in cash rather than by check. So the company would issue a check for the value of scraps, payable to the defendant, who would cash the check and make the required payment.

On October 31, 1961, the defendant made out a slip showing a pickup at Hill Field of bones and scraps totaling $84.25. It is undisputed that he delivered these items to the company, for which he received a check for that amount payable to himself. The difficulty exists because those particular scraps did not come from, and the proceeds of the check were not paid to, the Hill Field account. Inquiry brought forth a confession by the defendant that he had, by issuing shorted weight slips to other customers, accumulated that amount of scrap and turned it in to obtain the money for himself.

No apology can be offered for the defendant's lack of honesty, nor for his disloyalty to his employer. As to transactions where it might be ascertained that he cheated others, he is undoubtedly guilty of wrong. But the manner in which he may be held accountable therefor is not our concern here.

In a criminal proceeding it is not sufficient to show merely that the accused has been dishonest, or that he is a cheater, or otherwise of bad character. He is entitled to be charged with a specific crime so that he may know the "nature and cause of the accusation against him." [1] And the

---

[1] Utah Constitution, Art. I, Sec. 12. See also Boynton v. Sacks, Ohio, 184 N.E. 2d 377 (1962); State v. Dormitzer, 123 Or. 165, 261 P. 426 (1927); State v. Courtney, 10 Utah 2d 200, 350 P.2d 619 (1960); and State v. Myers, 5 Utah 2d 365, 302 P.2d 276 (1956).

State must prove substantially as charged [2] the offense it relies upon for conviction.[3]

■ The judgment must stand or fall upon the proof, or lack thereof, of the crime with which the State charged the defendant, essayed to prove, and of which he stands convicted: i. e., that of embezzling $84.25 from the Utah By-Products Company by taking a check for that sum from the company the proceeds of which he was expected to deliver to Hill Field, and failing to do so. It is important to keep in mind that in that transaction the company received the exact items and poundage of scraps its money was intended to pay for; and that Hill Field had no such money coming. It is thus plain that neither lost anything in the transaction so the crime as charged and relied upon for conviction was not proved.

■■ Another significant aspect of this situation is that defendant's only deception or fraud upon the company was in misrepresenting the source from which he obtained the scraps. Fundamental in the nature of embezzlement is the coming into possession of property honestly, "by virtue of one's trust," [4] and then converting it to one's own use in violation of that trust.[5] This is in contrast to situations where, as here, the essential wrong is committed in obtaining possession of the property.[6] Where the intent to take the property of another is formed before the taking, and is coupled with some deception or trick to acquire possession of the property, the crime is not embezzlement.[7] One could not embezzle that which he had already stolen. Since the State did not prove the charge

2. For discussion as to variances of form (immaterial) as compared to variances of substance (material) see State v. Myers, footnote 1 above; and State v. Pettit, 97 Utah 443, 93 P.2d 675.
3. Cf. State v. Harcombe, 48 Utah 89, 158 P. 1096 (1916); and see State v. Laris, 78 Utah 183, 2 P.2d 243 (1931); Leonard v. People, Colo., 369 P.2d 54 (1962); Moody v. People, 65 Colo. 339, 176 P. 476 (1918); State v. Wood, 188 Kan. 833, 365 P.2d 1080 (1961).
4. 76–17–2 and 76–17–7, U.C.A.1953; Cf. Gibson v. State, Okl.Cr., 328 P.2d 718 (1958); Hemphill v. State, 222 Miss. 516, 76 So.2d 512 (1954); Jackson v. State, 211 Miss. 828, 52 So.2d 914, (1951).
5. People v. Sichofsky, 58 Cal.App. 257, 208 P. 340 (1922); Lewis v. People, 109 Colo. 89, 123 P.2d 398 (1942); People v. Bergman, 246 Mich. 68, 224 N.W. 375 (1929); Gradsky v. State, Miss., 137 So.2d 820 (1962); State v. Smith, 2 Wash.2d 118, 98 P.2d 647 (1939); Burdick, Law of Crime, Embezzlement, sec. 581, p. 384, Matthew Bender and Co., Albany, N. Y. (1946); 29 C.J.S. Embezzlement §§ 1 and 4, pp. 670 and 672 (1941).
6. State v. Joseph, 63 Utah 1, 221 P. 850 (1923); People v. White, 124 Cal.App. 548, 12 P.2d 1078 (1932); Gibson v. State, supra, 328 P.2d 718 note 4; Riley v. State, 64 Okl.Cr. 183, 78 P.2d 712 (1938); People v. Berlin, 9 Utah 383, 35 P. 498 (1894); Lewis v. People, 109 Colo. 89, note 5, 123 P.2d 398, supra; State v. Smith, 2 Wash.2d 118, note 5, 98 P.2d 647, supra.
7. Phelps v. State, 25 Ariz. 495, 219 P. 589 (1923); Gibson v. State, 328 P.2d 718 note 4, supra; Bivens v. State, 6 Okl. Cr. 521, 120 P. 1033 (1912); State v. Smith, 2 Wash.2d 118, note 5, 98 P.2d 647 supra. See State v. Joseph, 63 Utah

upon which the conviction is grounded, it is reversed.

McDONOUGH and WADE, JJ., concur.

HENRIOD, Chief Justice (Concurring in the result).

I concur in the result. In doing so, I refer to the State's suggestion that defendant could *not* be found guilty only 1) if the money given him by his employer was not the latter's *or* 2) that he disposed of the money in accordance with the terms of his agency.

The first of these suggestions, in my opinion, was met and satisfied, since there seems to be no doubt that it *was* company money that he *obtained*.

The second was *not* met or satisfied, in my opinion, with proof showing guilt beyond a reasonable doubt, or for that matter, possibly not by a preponderance.

It is true that defendant confessed to a series of peculations from third persons. Specifically from whom certainly was not reflected therein. Such a confession, standing alone, could not prove guilt beyond a reasonable doubt, under established principles of evidence and the quantum and quality of proof requireable.

A reading of the record shows a highly speculative and loose agency relationship as to purchases for, delivery of products collected from vendors of the bones, and payment therefor. One is impressed with the fact that in carrying out the modus operandi, the defendant's employer primarily was interested in obtaining the animal products from any source at an established price. In doing so, it appears that defendant had wide latitude and freedom in gathering up and delivering the scraps, and that the method of payment was of interest only to the vendors and not the employer. The fact that defendant obtained the scraps from third parties by means of a short-weight theft device unbeknownst to his employer, may have constituted a series of thefts from others, but would not tighten up the above mentioned looseness of the fiduciary relationship, so as to establish, beyond a reasonable doubt, a violation of the trust where any duty as to pickup, payment and delivery to his employer was left almost entirely to the discretion of the employee.

The statutory interdictions pointed out by Mr. Justice CALLISTER are pertinent in those cases where facts are presented showing applicability thereof. I differ only with him as to the weight, sufficiency, quantum and quality of proof in establishing a fiduciary relationship without any discretion in an employee, the violation of which proved guilt beyond a reasonable doubt.

1 note 6, 221 P. 850, supra; Lewis v. People, 109 Colo. 89 note 5, 123 P.2d

398, supra; 18 Am.Jur., Embezzlement, sec. 3, p. 573 (1938).

I cannot subscribe to the inference in the main opinion, if there is one, that no offense is committed by an employee, if the employer receives a quid pro quo. Such conclusion would exonerate the bank teller who "borrowed" money from the bank, without authority, but who later returned it.

As to State v. Dubois, 98 Utah 234, 98 P.2d 354 (1940), I think the factual situation, the quantity, quality and weight of the proof there, were not on all fours with the instant case, but were miles apart, and are inapropos here in assessing guilt beyond a reasonable doubt.

CALLISTER, Justice (dissenting).

In my judgment the acts of the defendant constitute an embezzlement under either 76–17–2 or 76–17–7, U.C.A.1953.