The STATE of Utah, Plaintiff and Respondent,

v.

Gary Rowan BUTLER, Defendant and Appellant.

No. 14318.

Supreme Court of Utah.

March 2, 1977.

---

Phillip L. Foremaster, St. George, Patrick H. Fenton, Cedar City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, William T. Evans, Asst. Attys. Gen., Salt Lake City, Ronald W. Thompson, Washington County Atty., St. George, for plaintiff and respondent.

WILKINS, Justice:

Defendant, Gary Rowan Butler, appeals his conviction of the crime of manslaughter, under Utah Code Ann., Sec. 76–5–205 (Supp.1975). We affirm the verdict and judgment rendered in the District Court below.

In late 1974 defendant, a police officer in St. George, Utah, became convinced that his wife was having an extramarital relationship with the victim, one Gordon Hutchings, brother of the Chief of Police in St. George. During the period of separation that followed, threats and accusations were exchanged between the parties. While off duty on February 18, 1975, defendant became convinced that his wife and the victim had been together that night. After his wife admitted to having had intercourse with Hutchings, defendant went to the home of his police sergeant and resigned but retained possession of his gun, a .357

magnum revolver, and shells. Defendant then proceeded to the victim's home where Hutchings and Hutchings' wife were having an argument. Defendant knocked on the door, walked off the porch, and the victim answered it. On seeing defendant, Hutchings rushed at him with his arms out. Defendant thereupon pulled his gun from his belt and shot Hutchings. Defendant claims he does not recall anything after that first shot although he fired a total of six shots. The victim was hit by four bullets and subsequently died of loss of blood. On August 8, 1975 the jury returned a verdict of guilty for the offense of manslaughter. Defendant seeks reversal based on various trial court errors.

Defendant first contends that the State must elect under which subsection of the manslaughter statute defendant was to be tried. Utah Code Annotated, 76–5–205(1) (Supp.1975) provides:

> Criminal homicide constitutes manslaughter if the actor: (a) recklessly causes the death of another; or (b) Causes the death of another under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse; or (c) Causes the death of another under circumstances where the actor reasonably believes the circumstances provide a moral or legal justification or extenuation for his conduct although the conduct is not legally justifiable or excusable under the circumstances.

The information filed in this case alleged all three subsections of the manslaughter statute. Defendant filed a motion, which was denied, to require the State to elect under which subsection of the statute it would proceed. And defendant, consistently with his pursuit to determine the specific facts upon which the State intended to rely, filed a demand for a bill of particulars, which was supplied as was an amended bill. But defendant contends that specific facts must be outlined in a bill of particulars which convey unmistakably the exact theory on which the state intends to proceed and that the state is restricted to the singularity of that theory.

 It is clear that an accused must know the charge against him in order to prepare an adequate defense.[1] The very purpose of an information is to give notice of the charge, but it is not intended to be a discovery device.[2] Defendant knew he was charged with manslaughter, was furnished with bills of particulars, and had full access to the evidence the State intended to rely upon.

 By statute the information itself may be in the disjunctive.[3] And the State need not make an election upon which theory it will proceed if the theories specified in the information are not repugnant to each other.[4] We hold in this case that the theories specified in the information, inter se, were not so repugnant.

 The defendant also contends that the court erred in excusing certain members of the jury venire without disclosing the reasons for doing so. Although defendant's counsel was advised that he could obtain the information concerning these persons being excused from the court reporter, there is no evidence that he availed himself of the opportunity. Even if there were any improprieties involved in the jury selection, relief will only be granted on a showing that defendant was prejudiced thereby.[5] There has been no such showing here.

1. *State v. Winters,* 16 Utah 2d 139, 396 P.2d 872 (1964).

2. *State v. Taylor,* 14 Utah 2d 107, 378 P.2d 352 (1963); see also *State v. 9th Dist. Ct.,* 165 Mont. 300, 525 P.2d 1211 (1974).

3. Utah Code Annotated, 77–21–33 (1953).

4. *State v. Parmenter,* 74 Wash.2d 343, 444 P.2d 680 (Washington 1968); *State v. Golladay,* 470 P.2d 191 (Washington 1970); *State v. Dixon,* 479 P.2d 931 (Washington 1971); *State v. Dickenson,* 9 Or.App. 357, 497 P.2d 374 (1974).

5. *State v. Beasley,* 22 Utah 2d 423, 454 P.2d 880 (1969); *State v. Dodge,* 12 Utah.2d 293, 365 P.2d 798 (1961).

Defendant's remaining contention is that the trial court erred in various rulings concerning admissibility of the evidence. One category pertains to claimed error because of exclusion of proper evidence of the state of mind of the defendant, and the other category to allowance of improper evidence caused by lack of proper foundation.

■ As to the first category, the defendant made a proffer of proof at the trial out of the presence of the jury in which the defendant stated that his wife had told him (the defendant), prior to the shooting incident, that Marvin Jones (supervisor of the victim) had told her that the victim "was just getting tired of me interfering with what he wanted to do and he was going to do what he wanted to do and he wasn't going to take anything out (sic) of me"[6] ("me" refers to the defendant and "he" refers to the victim). Defendant contends that this testimony was probative of *his* state of mind (though it was the *deceased's* state of mind) and therefore relevant under the theory of self-defense and subsections (b) and (c) of the manslaughter statute, supra, as well as the information, and therefore should have been allowed before the jury. As a matter of fact, the trial court did not allow similar and more favorable testimony to be received in evidence concerning the deceased's state of mind but not the testimony just described. The trial court was correct in its ruling in excluding the offered testimony. First, assuming the offered evidence was probative or led to matters probative of defendant's state of mind, the State is charged under (b) and (c) of the information (the only applicable subsections for this point) to prove beyond a reasonable doubt the very state of mind of defendant relevant to these matters, and therefore the defendant cannot be prejudiced by disallowance of evidence he does

not have to prove but which the State by its evidence must prove.

■ Secondly, if the testimony was offered as probative of self-defense, it is not admissible under an exception to the hearsay rule[7] as the *declarant* of the statement, supra, which was the subject of the proffer of proof, was the victim and not the defendant. It was therefore evidence of the *deceased's* state of mind—not the defendant's as urged by defendant at trial and before this Court—that in this case Rule 63(12) would allow (1) if the evidence thereon was relevant or in issue and (2) if other rules of evidence would not prohibit its admissibility. But assuming that it was *deceased's* state of mind which was before us on this claimed error, a reading of the proffered deceased's statement as quoted above shows that the trial judge would have been within his discretion in denying receipt of that statement in that it was foundationally infirm as no comment was elicited from defendant concerning when the statement was made and therefore it may well have been too remote. Also it was questionably relevant as becoming the basis for an inference that the victim was an aggressor because it was inarticulate, confusing, and misleading and therefore subject to exclusion.[8]

■ As to the second category of defendant's contention that the trial judge erred in rulings on evidence, he claims that certain exhibits consisting of bullets and photographs allegedly of bullet holes and blood stains should not have been received in evidence because of insufficient foundation. We hold that the testimony on these exhibits was foundationally sufficient except as to Exhibit number 28 (a bullet fragment or sliver) and as to this exhibit, though it should not have been received, we hold its introduction did not have "a sub-

**6.** Transcript of Hearing at trial, pages 1390 and 1391.

**7.** Rule 63(12) Utah Rules of Evidence allows ". . . a statement of the *declarant's* then existing state of mind . . . when such mental . . . condition *is an issue or is*

relevant to prove or explain acts or conduct of the declarant." [Emphasis added.]

**8.** Rule 45, Utah Rules of Evidence; See also McCormick's Handbook on the Law of Evidence (2d ed. 1973), page 440.

stantial influence in bringing about the verdict." [9]

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

HALL, Justice (concurring):

I concur in the majority opinion and offer the further comment on the matter of the trial court's refusal to allow hearsay evidence bearing upon the defendant's state of mind.

Appellant argues that such evidence was offered to demonstrate that he was under the influence of extreme mental or emotional disturbance for which there was a reasonable explanation or excuse or that the circumstances were such that he was provided a moral or legal justification for his conduct. These are the very elements of the offense of manslaughter as charged and inherent upon the plaintiff to prove.

Consequently, it cannot be said that there is any *substantive* basis for claiming error.

Further, the record reveals that the court below was liberal in allowing defendant to testify concerning the relationship of his wife with the victim and his feelings about the entire matter and such was the most probative, relevant evidence of his state of mind.

In fact, the court allowed defendant to testify, over objection, about the conversation with his wife wherein she related that the victim had threatened defendant with bodily harm. In light of this ruling allowing hearsay, the prior ruling prohibiting it, *if error at all,* was *harmless error.*

9. Rule 4, Utah Rules of Evidence.