JACKSON *v.* STATE.

Division A.   June 11, 1951.

No. 38059   (52 So. (2d) 914)

Clay B. Tucker, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Holmes, C.**

Appellant and others were jointly indicted in the Circuit Court of Wilkinson County on a charge of embezzling 10,146 cartons of cigarettes, the property of Robinson Mercantile Company of Centerville, Mississippi. He requested and was granted a severance. His trial resulted in his conviction and he was sentenced to imprisonment in the state penitentiary for a term of three years. He prosecutes this appeal and urges, among other grounds assigned for the reversal of the judgment of conviction, that the evidence does not sustain the charge of embezzlement.

The indictment was drawn under Section 2115 of the Mississippi Code of 1942, which reads as follows: "If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either."

The material facts are undisputed.

Robinson Mercantile Company, a corporation, operated a retail mercantile business in Centerville, Mississippi.

It maintained a warehouse in a separate building, in which it conducted a wholesale department under the name of Robinson Brothers Wholesale. One M. C. Tate was in charge of the warehouse and the wholesale department. Deliveries of cigarettes and other merchandise were made to customers by trucks which were loaded at the warehouse. The company employed a number of truck drivers and helpers. The appellant was employed as a truck driver and had been so employed for five or six years at the time he was apprehended on the charge preferred against him. The practice employed by Mr. Tate in filling orders for merchandise and loading the merchandise on the trucks preparatory to delivery to customers was to call out to one of the truck drivers the merchandise to be delivered, and, where the order was for cigarettes, to call out the kind and number of cartons of cigarettes to be loaded and the truck driver so called upon would go into the tobacco room and get the number of cartons of cigarettes he was directed to get and place the same in a box or sack and load the same on the truck for delivery to the customer. On or about the 14th day of June, 1950, during the progress of loading one of the trucks, Mr. Tate called a cigarette order to the appellant, giving him the kind and number of cartons of cigarettes to be loaded. Thereafter, Mr. Tate examined the box or sack in which the appellant had been directed to place the cigarettes, and found that the appellant had placed in the box or sack five more cartons of cigarettes than he had been directed to remove from the tobacco room. Thereafter, the appellant was arrested and charged with others with the embezzlement of the cigarettes which had been taken without authority. The appellant confessed to the taking on other occasions of cigarettes in excess of the quantity which he had been directed to take in the loading operations.

It is clear from the proof that appellant was not authorized to take any cigarettes from the tobacco room except those he was told to take and load on the truck. The evidence discloses no fiduciary relationship between the ap-

pellant and the owner whereby there was entrusted to appellant's care and possession cigarettes other than those he was told to take. All that the evidence shows insofar as concerns the relationship between appellant and the owner is that appellant had physical access or opportunity of approach to the other cigarettes in the tobacco room. Mere physical access or opportunity of approach is not sufficient, however, to make the felonious taking other than larceny. ██ ██ A servant or employee who feloniously appropriates to his own use property of his master or employer to which he has access only by reason of mere physical propinquity as an incident of his employment, and not by reason of any charge or oversight over the property entrusted to him, commits the offense of larceny. 32 Am. Jur., Section 59, p. 965. Therefore, ██ ██ the cigarettes which appellant took from the tobacco room other than those he was told to take and load on the truck were not such as came or were entrusted to his care or possession by virtue of his employment, and such taking was without the consent or authority of the owner and was unlawful and constituted a trespass, and his subsequent conversion of the property to his own use constituted the crime of larceny and not embezzlement.

██ ██ ''Larceny, as distinguished from other offenses, is the taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner; . . .'' 52 C. J. S. Larceny, Sec. 1, page 779.

██ ██ ''Embezzlement differs from larceny in that it is the wrongful appropriation or conversion of property where the original taking was lawful, or with the consent of the owner, while in larceny the taking involves a trespass, and the felonious intent must exist at the time of such taking.'' 29 C. J. S., Embezzlement, Sec. 4, page 672.

It is the duty of the Court to adhere to the rules of law with reference to the essential elements constituting the crime charged, and after carefully considering the evidence in this case, we are compelled to conclude that on each of the occasions when the appellant took from the tobacco rooms cigarettes in excess of those he was told to take and converted to his own use those so taken without the consent and authority of the owner, he committed the offense of larceny and should have been so charged. We are of the opinion, therefore, that the proof in this case does not sustain the charge of embezzlement.

This conclusion renders unnecessary the discussion of any other assignment of error. The judgment of conviction is accordingly reversed and the cause remanded and the appellant ordered held to answer the state on a charge or charges of larceny.

Reversed and remanded and appellant ordered held to answer the state on a charge or charges of larceny.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the cause is reversed and remanded and appellant ordered held to answer the state on a charge or charges of larceny.