LEE, Justice, for the Court:
James Harbin and Willie White were jointly indicted, tried and convicted in the Circuit Court of Grenada County on a charge of grand larceny and each was sentenced by the court to a term of three years in the Mississippi State Penitentiary. They have appealed and assign four errors in the trial below.
The appellants contend that the court erred in declining to direct a verdict of not guilty at the conclusion of the state’s evidence. When that motion for a directed verdict was overruled, the appellants proceeded with their defense and introduced evidence. It is elemental that, in so doing, they waived the contention. However, when all parties rested, they renewed their motion for a directed verdict and, since they have assigned as error that the verdict was against the overwhelming weight of the evidence and that appellant Willie White should have been discharged, we treat all assignments of error as presenting the sole question here as to whether or not the court erred in declining to grant a verdict of not guilty for the appellants at the end of all the evidence and whether or not the verdict of the jury was contrary to the overwhelming weight of the evidence.
The evidence favorable to the state indicates that on the night of June 18, 1980, Randy Aron was driving his 1967 Chevrolet automobile on Interstate 55 near Holcomb, Mississippi, when the vehicle developed engine trouble and stopped. Aron took the license plate off of the automobile, placed it inside, locked the doors and left the car on the side of the highway. The next day, James Harbin and Willie White were traveling on the interstate highway in Harbin’s automobile. They picked up Donnie Jones, who sought a ride to town. When Harbin arrived at the place where Aron’s automobile had been left, he stopped and placed a chain on the rear of his automobile and asked Donnie Jones to hook it to the Aron vehicle, telling him that the vehicle was the property of Willie White. Donnie Jones refused to put the hook on the Chevrolet automobile, whereupon Harbin hooked the chain to it. White broke the glass out of the Chevrolet on the driver’s side and got into the vehicle. Harbin began to tow the vehicle and had moved it approximately three feet when Randy Aron’s sister, Sherry Aron, drove up and saw them towing the automobile. The appellants then unhooked the chain and sped away, leaving Donnie Jones at the scene.
Appellants contend that their actions about the vehicle only amounted to an attempt to steal the same and that there was no asportation (carrying away) of the Aron vehicle.
In 3 Wharton’s Criminal Law, Larceny, section 378 (1980), the applicable legal principle is stated as follows:
To constitute larceny, there must be— in addition to a taking or caption — a carrying away or asportation of the property of another. There is a caption when the defendant takes possession; he takes possession when he exercises dominion and control over the property. There is an asportation when he carries away the property; any carrying away movement, however slight, even though it takes but *362 a moment, is sufficient. Given an aspor-tation, a larceny is committed even if the defendant for whatever reason abandons the property, or even if, because he is detected, his purpose in carrying away the property is frustrated.
Miss.
There can be an asportation even if the property is not removed from the owner’s premises. Thus, if the movement of property is a “carrying away” movement, it qualifies as an asportation if the property is moved merely from one part of the owner’s premises to another, or even if the property is moved from one place to another in the same room. (3 Wharton’s Criminal Law, § 378 at 360-362).
In Delk v. State, 64 Miss. 77, 1 So. 9 (1886), Delk was convicted of the larceny of a jack (animal). He removed the jack from a stable for a distance of ten to fifteen steps and then killed the animal. The Court said:
The doctrine is well settled in this state that it is not necessary to constitute larceny that the taking should be lucri causa. A fraudulent taking and removal of the personal property of another, with intent to wholly and permanently deprive the owner of the same, is larceny. Warden v. The State, 60 Miss. 638; Hamilton v. The State, 35 Miss. 214; 2 Bish. Crim.L., § 758; Williams, etc. v. The State, 52 Ala. 411.
It was not necessary that the animal stolen should have been removed from the premises of the owner. To remove him with the requisite felonious intent from one part of the premises to another, or from the spot or house where he was found, was a sufficient asportation. (64 Miss. at 80, 1 So. at 9-10).
See Mapp v. State, 248 Miss. 898, 162 So.2d 642 (1964).
We are of the opinion that the facts of this case presented a guilt issue for the jury as to both appellants, that the lower court correctly refused to grant a directed verdict of not guilty for them, and that the verdict of the jury is not against the overwhelming weight of the evidence. Warn v. State, 349 So.2d 1055 (Miss.1977).
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.