THOMAS, J.,
for the court.
¶ 1. Larry Teer was convicted in the Circuit Court of Coahoma County of theft of anhydrous ammonia and sentenced to four years in the custody of the Mississippi Department of Corrections and one year of post-release supervision along with a fine of $3,000. Aggrieved, he asserts the following issues:
I. THE TRIAL COURT ERRED IN DENYING TEER’S LESSER-INCLUDED OFFENSE INSTRUCTION.
II. THE TRIAL COURT ERRED IN FAILING TO GIVE TEER’S ELEMENTS INSTRUCTION.
III. THE TRIAL COURT ERRED IN SUBMITTING TO THE JURY INSTRUCTION NUMBER SIC.
IV. THE TRIAL COURT ERRED IN NOT SUSTAINING TEER’S MOTION TO QUASH INDICTMENT.
V. THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND THE STATE FAILED TO PROVE TEER WAS GUILTY BEYOND A REASONABLE DOUBT AND TO THE EXCLUSION OF EVERY REASONABLE HYPOTHESIS CONSISTENT WITH INNOCENCE.
VI. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT OF GUILTY.
VII. THE TRIAL COURT ERRED IN ALLOWING CAROL KARR TO TESTIFY AS AN EXPERT.
Finding no error, we affirm.
FACTS
¶ 2. On the night of August 13, 2000, and the early morning of August 14, officers with the Coahoma County Sheriffs Department and the Mississippi National Guard Drug Enforcement Support Unit staked out farm tanks throughout the county that contained anhydrous ammonia. At approximately 3:30 a.m. in the morning of August 14, a car approached a farm tank on the land leased to Rodney Garrison. The car passed the tank and stopped. Then, with its headlights out, the car came back and parked near the tank. Using night vision goggles and a night vision video camera, officers observed two men exit the car carrying a bag. The officers notified the command post of the activity and a helicopter was dispatched to the scene.
*42 ¶ 3. The men were videotaped kicking on the valve area of the tank until it opened. They then removed from their bag an Igloo-style cooler which they placed under the valve and began draining some fluid from the tank. Shortly thereafter, the helicopter arrived and turned on its spotlight. The two men fled to the car, leaving the cooler behind. They left the scene followed by the helicopter, arid were stopped by officers not far from the scene. Three men were found in the car, one of whom was Larry Teer. Teer was also identified by officers as being one of the two men at the tank. A sample of the substance in the cooler was taken, and it was mixed with distilled water and forwarded to the Mississippi Crime Lab along with a sample of the distilled water. An analyst at the crime lab found the distilled water to be just that, and the other substance to be ammonium hydroxide, or anhydrous ammonia in water.
ANALYSIS
I.DID THE TRIAL COURT ERR IN DENYING TEER’S LESSER INCLUDED OFFENSE INSTRUCTION?
¶ 4. Teer asserts that he was entitled to a lesser-included offense instruction on the crime of trespass. The trial court refused Teer’s instruction on the grounds that it would be confusing to the jury. Although the evidence in the ease does show that the taking of the anhydrous ammonia was a trespassory taking in that it was without the consent of the owner, the assertion made by Teer is that trespass onto the real property of Garrison without his permission was a lesser-included offense of the crime of theft of anhydrous ammonia. The trial court noted that one may be legally on the real property of another, such as an invitee or a licensee, and yet still commit a crime which involves a trespassory taking of anhydrous ammonia. We hold that the trial court was correct in refusing the instruction based on trespass onto the real property of another, as it would have been confusing to the jury and was not a lesser-included offense of theft of anhydrous ammonia. Crouse v. State, 229 Miss. 15, 26, 89 So.2d 919, 924 (1956).
¶ 5. A defendant may be entitled to a lesser offense instruction if it “arises from the same operative facts and has an evidentiary basis.” Moore v. State, 799 So.2d 89, 91(¶ 7) (Miss.2001). “Absent a factual basis for an instruction, there is no error in refusing to grant it.” Bolton v. State, 752 So.2d 480, 485(¶ 24) (Miss.Ct.App.1999) (citing Murphy v. State, 566 So.2d 1201, 1206 (Miss.1990)). No evidence was presented to show that Teer was just on the real property of Garrison without his permission. All of the evidence was based on the anhydrous ammonia and the removal of it from the tanks owned by Garrison. As stated above, although trespassory, it did not support a trespass onto real property. Lacking an evidentiary basis in the record, “at best the instruction would be based purely on speculation or surmise.” Wilson v. State, 639 So.2d 1326, 1329 (Miss.1994). This issue is without merit.
II. DID THE TRIAL COURT ERR IN FAILING TO GIVE TEER’S ELEMENTS INSTRUCTION?
III. DID THE TRIAL COURT ERR IN SUBMITTING TO THE JURY INSTRUCTION NUMBER SIC?
¶ 6. Teer argues that the trial court committed reversible error in refusing his requested jury instruction which required the State to prove that Teer took the anhydrous ammonia “with the intent to permanently deprive Rodney Garrison of *43 it.” Teer also argues that the trial court erred in granting the State’s instruction SIC which required that Teer “knowingly or intentionally steal or unlawfully take or carry away any amount of anhydrous ammonia from Rodney Garrison.” Since both issues are in regard to whether or not the jury was required to find if Teer had an intent to permanently deprive Garrison of the ammonia, we will combine these two assertions and examine them together.
¶ 7. In support of his instruction, Teer points this Court to Crouse v. State, 229 Miss. at 23, 89 So.2d at 922, where the Mississippi Supreme Court quoted Jackson v. State, 211 Miss. 828, 52 So.2d 914 (1951), defining larceny as:
[T]he taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner.
Jackson v. State, 211 Miss. at 882, 52 So.2d at 915. In Jackson, the question was whether the stolen property was felo-niously taken, or taken with the intent to deprive the owner permanently. Id. Teer was convicted under Mississippi Code Annotated Section 41-29-313(2)(a) (Rev.2000) which states: “It is unlawful for any person to knowingly or intentionally steal or unlawfully take or carry away any amount of anhydrous ammonia.” This statute does not require the same elements as found in a definition of larceny, as it is not a larceny statute and does not have the “feloniously taking” language.
¶ 8. Jury instruction SIC, which was submitted by the State and accepted by the trial court, followed Section 41-29-313(2)(a) closely. The Mississippi Supreme Court has stated, “We have consistently held that instructions in a criminal case which follow the language of a pertinent statute are sufficient.” Crenshaw v. State, 520 So.2d 131, 135 (Miss.1988) (citing Johnson v. State, 475 So.2d 1136 (Miss.1985); Shaw v. State, 250 Miss. 785, 168 So.2d 632 (1964); Lackey v. State, 215 Miss. 57, 60 So.2d 503 (1952)). Instruction SIC did follow the language of the statute, and the trial court was correct in granting it. Similarly, Teer’s instruction attempted to add elements which are not required under Section 41-29-313(2)(a), and the trial court did not commit error in denying it. These issues are without merit.
IV. DID THE TRIAL COURT ERR IN NOT SUSTAINING TEER’S MOTION TO QUASH INDICTMENT?
¶ 9. Teer asserts that the trial court erred in not granting his motion to quash the indictment because, according to Teer, the indictment charged him with either carrying away the anhydrous ammonia or attempting to take away the anhydrous ammonia. According to Teer, the indictment is therefore duplicitous and is fatally flawed and defective. The relevant part of the indictment is as follows:
Roosevelt Davis and Larry Teer, late of Coahoma County, Mississippi, on or about August 14, 2000, in the County and State aforesaid, and within the jurisdiction of this Court, individually or while aiding and abetting and/or acting in concert with each other, did unlawfully, wilfully, feloniously, and knowingly or intentionally steal or take away any amount of anhydrous ammonia from Rodney Garrison located on Sunrise Road in Jonestown, Mississippi, by turning the valve on and dispensing the anhydrous ammonia, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.
*44 Teer claims that the language “did steal or take away” states a completed. act while “turning the valve on and dispensing the anhydrous ammonia” states an attempt to steal or take away.
¶ 10. Teer argues that in order to prove a completed act of taking, the perpetrator must remove the object from the owner’s property. However, “it is not necessary to constitute a sufficient asportation, that the goods be removed from the owner’s premises.” Mapp v. State, 248 Miss. 898, 904, 162 So.2d 642, 645 (1964). The State points this Court to the case of Harbin v. State, 402 So.2d 360 (Miss.1981), in which the defendant had only moved an automobile approximately three feet when he was discovered. Harbin, 402 So.2d at 361. The defendant argued that his actions were only an attempt to steal the car. Id. The court disagreed, holding that:
[Tjhere is a caption when the defendant takes possession; he takes possession when he exercises dominion and control over the property; any carrying away movement, however slight, even though it takes but a moment, is sufficient.
Id. at 361-362. Assuming the property satisfies this requirement, it does not matter if the property is abandoned or the crime is halted due to detection or frustration. Id. at 362. There can be an asportation even if the property is not removed from the owner’s premises. Id.
¶ 11. In Teer’s case, evidence was produced at trial that the anhydrous ammonia was dispensed from Garrison’s tank into an igloo cooler, due to the efforts of Teer and his companions. At this point, the ammonia was within Teer’s dominion and control. Although he was subsequently frustrated in his efforts by the law enforcement officers, under the case law cited above this was enough for a “taking” under the applicable statute. The indictment was for a single act of taking, which was accomplished when the ammonia was dispensed into the cooler. This issue is without merit.
V. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND DID THE STATE FAIL TO PROVE TEER WAS GUILTY BEYOND A REASONABLE DOUBT AND TO THE EXCLUSION OF EVERY REASONABLY HYPOTHESIS CONSISTENT WITH INNOCENCE?
VI. WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE VERDICT OF GUILTY?
¶ 12. Teer’s fifth and sixth issues concern both the weight and sufficiency of the evidence. We will combine them and examine them together. Teer asserts that the trial court abused its discretion in denying his motion for directed verdict at the close of the State’s case and in denying his motion for judgment notwithstanding the verdict or, in the alternative, new trial. In Ford v. State, 753 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999), we held that:
[I]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (¶ 7) (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125(¶ 29) (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional *45 power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896(¶ 14) (Miss.1998). “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d 774, 781 (Miss.1993); Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979).
¶ 13. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d at 778. “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d at 807-08. “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d at 990. See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). This Court should reverse only where, “with respect to one or more elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty.” Alexander v. State, 759 So.2d 411, 421(¶ 36) (Miss.2000) (quoting Gossett v. State, 660 So.2d 1285, 1293 (Miss.1995)).
¶ 14. The evidence in Teer’s case is amply sufficient for a reasonable juror to find him guilty of theft of anhydrous ammonia. Teer was recorded on night video and watched by several law enforcement officers with night vision goggles participating in a stakeout. He was watched as he approached a tank with a bag and kicked on the valve of the anhydrous ammonia tank owned by Garrison. Teer was caught near the scene and identified by law enforcement officers, and a substance identified as anhydrous ammonia was found in a container than had been placed under the valve of the tank.
¶ 15. Teer contends that the State failed to prove the element of lack of consent. Teer’s specific allegations in his motion for directed verdict did not include the failure of the State to show lack of consent. “In the absence of such specificity, the trial court will not be put in error for overruling [a motion for directed verdict].” Banks v. State, 394 So.2d 875, 877 (Miss.1981). Even if Teer had stated this issue specifically in his motion for directed verdict, there was evidence submitted from which the jury could infer that Teer and his companions lacked consent. They approached the tank with their headlights off at 3:30 in the morning and fled when a helicopter approached. Garrison testified at trial and did not state that he had given consent. If examined in a light favorable to the State with all reasonable inferences, enough evidence was presented for a reasonable juror to determine that Teer did not have Garrison’s consent to take the anhydrous ammonia. Wetz v. State, 503 So.2d at 812.
¶ 16. Teer has failed to show this Court that the verdict was against the overwhelming weight of the evidence and that the State failed to prove he was guilty *46 beyond a reasonable doubt. Similarly, the evidence presented at trial was sufficient for a reasonable juror to find Teer guilty of theft of anhydrous ammonia. We hold Teer’s fifth and sixth assignments of error to be without merit.
VII. DID THE TRIAL COURT ERR IN ALLOWING CAROL KARR TO TESTIFY AS AN EXPERT?
¶ 17. Teer contends that the trial court erred in allowing Carol Karr, a forensic scientist who specializes in drug analysis for the Mississippi Crime Lab, to testify as an expert.
The admission of expert testimony is addressed to the sound discretion of the trial judge. Unless we conclude that the decision was arbitrary and clearly erroneous, amounting to an abuse of discretion, that decision will stand.
Seal v. Miller, 605 So.2d 240, 243 (Miss.1992) (citing Hooten v. State, 492 So.2d 948, 950-51 (Miss.1986)). “[T]he test is whether a witness ‘possesses peculiar knowledge or information regarding the relevant subject matter which is not likely to be possessed by a layman.’ ” May v. State, 524 So.2d 957, 963 (Miss.1988) (citing Detroit Marine Engineering v. McRee, 510 So.2d 462, 467 (Miss.1987); Henry v. State, 484 So.2d 1012, 1015 (Miss.1986)).
¶ 18. In addition to Karr’s testimony, there was other testimony that the substance recovered in the cooler was in fact anhydrous ammonia. A Coahoma Sheriffs Department investigator, as well as a National Guard member testified repeatedly, and without objection, about the anhydrous ammonia tank. There was testimony in regard to the strong “ammonia” odor coming from the cooler that Teer and his companions had placed under the valve of the tank. Rodney Garrison, the owner of the tanks, testified without objection that the tanks were designed to hold anhydrous ammonia and held anhydrous ammonia on the night in question. One of Teer’s companions testified that they intended to steal ammonia.
¶ 19. Carol Karr has been employed for ten years with the Mississippi Crime Lab as a drug analyst. She has a degree in chemistry with a minor in biology, and received training at the Forensic Division of the Drug Enforcement Administration in Washington, and at the Forensic Division of the Federal Bureau of Investigation in Quantico, Virginia. She testified that she has chemically analyzed substances thousands of times and specifically analyzed anhydrous ammonia “more than fifteen” times. She has testified in court more than one hundred times. The trial court made note of Karr’s “extensive training and education and her expertise in the analysis of ... controlled substances in particular.” The court also noted her authorship of an article in a journal in the chemical field. The trial court’s decision to allow Carol Karr to testify as an expert witness was therefore not arbitrary nor clearly erroneous, and it does not amount to an abuse of discretion. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF THEFT OF ANHYDROUS AMMONIA AND SENTENCE OF FOUR YEARS WITH ONE YEAR OF POST-RELEASE SUPERVISION TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUS SENTENCES AND FINE OF THREE THOUSAND DOLLARS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, *47 MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.