932 So.2d 82 (2006)
Robert Ed POLLARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01700-COA.
Court of Appeals of Mississippi.
June 20, 2006.
*84 James A. Williams, Brookhaven, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
EN BANC.
BARNES, J., for the Court.
¶ 1. Robert Ed Pollard was convicted in the Circuit Court of Lauderdale County of larceny of timber of a value of $250 or more, and was sentenced to five years in the custody of the Mississippi Department of Corrections, fined $500, and ordered to pay restitution of $1,226.50. Aggrieved, Pollard timely appealed to this Court. Finding error, we reverse and remand.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In early 2003, Walter Duncan sought to have some trees removed from a piece of property located in Meridian, Mississippi. He contacted Cuba Timber and was told by a representative that someone from the company would be in touch with him in a few days. On January 6, Pollard and his brother Charlesboth employees of Cuba Timberarrived at Duncan's property and indicated that they were ready to begin cutting the trees. Duncan took the Pollards twice around the property, pointing out the property lines and emphasizing to the Pollards that they were to obey the property lines. Duncan stated that he did not see Robert Pollard again until the morning of January 8, when he arrived at the property to find Pollard and a crew cutting trees on an adjacent parcel of land owned by Melwyn Shirley. Duncan testified that he informed Pollard that he was cutting on the wrong property and *85 ordered him to stop cutting immediately. According to Duncan, Pollard indicated that he had spoken to Shirley and had agreed to pay her for the mistakenly cut timber.
¶ 3. Shirley testified that on the morning of January 8, she witnessed Pollard cutting trees in her backyard. Shirley stated that she went outside and confronted Pollard, who apologized for cutting too far over the property line and offered to pay for the timber and to clean up her property. Shirley sought the assistance of the Mississippi Forestry Commission, which determined that twenty-five trees had been cut by Pollard, with a total value of $1,226.50. Shirley testified that when she received this estimate, she showed it to Pollard, who refused to pay the sum and instead offered a payment of $500. Shirley testified that she did not accept Pollard's offer.
¶ 4. Pollard was indicted on a charge of larceny of timber of a value of $250 or more, pursuant to section 97-17-59(2) of the Mississippi Code (Rev.2000). On July 9, 2004, Pollard was convicted of the crime in the Circuit Court of Lauderdale County and was sentenced to the maximum term of five years in prison, fined $500, and ordered to pay restitution of $1,226.50. Pollard filed a motion for judgment notwithstanding the verdict, or, in the alternative, a new trial, which was denied by the trial court. On appeal, Pollard raises several issues, some of which we need not reach, as we find reversible error.

ISSUES AND ANALYSIS

I. WHETHER POLLARD'S INDICTMENT WAS FATALLY DEFECTIVE.
¶ 5. Section 97-17-59(2) of the Mississippi Code, under which Pollard was convicted, reads in pertinent part:
Any person who shall knowingly, willfully and feloniously take, steal and carry away from the lands of another any merchantable timber on the property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, whether such timber is growing, standing, or lying on the lands, shall be guilty of a felony; and upon conviction thereof, shall be punished by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or by imprisonment in the Penitentiary for a term of not less than one (1) year nor more than five (5) years, or both, in the discretion of the court.
¶ 6. The indictment charging Pollard stated that "Robert Ed Pollard . . . did then and there wilfully, unlawfully, and feloniously cut and harvest [$1,226.50] worth of timber from the property of Melwyn Shirley . . . ." (emphasis added). Pollard contends that his indictment was defective because it did not specify an essential element of the crime, namely, that he "carried away" the timber in question.
¶ 7. It is well-settled that in order for an indictment to be sufficient, it must contain the essential elements of the crime charged. Peterson v. State, 671 So.2d 647, 652-53 (Miss.1996). The Mississippi Supreme Court has held that where a deficiency appearing in an indictment is non-jurisdictional, it may not be raised for the first time on direct appeal absent a showing of cause and actual prejudice; however, the State's failure to include the essential elements of the crime in the indictment is a jurisdictional defect that is not waivable by the defendant. See Banana v. State, 635 So.2d 851, 853 (Miss. 1994). Furthermore, the State's failure to include an essential element of the crime cannot be cured by notice outside of the indictment. White v. State, 851 So.2d 400, *86 403(¶ 5) (Miss.Ct.App.2003). The key question in this case is whether the word "harvest" served as an adequate substitute for "carry away"; if so, the indictment states each element of the crime and is thus adequate.[1]
¶ 8. Our case law establishes that in order to constitute a "carrying away," movement of the good in question need not be substantial. In Mapp v. State, 248 Miss. 898, 904, 162 So.2d 642, 645 (1964), the Mississippi Supreme Court held that "it is not necessary to constitute a sufficient asportation, that the goods be removed from the owner's premises." Furthermore, in the case of Harbin v. State, 402 So.2d 360, 361 (Miss.1981), the supreme court sustained a conviction of grand larceny where the defendants had towed an automobile a mere three feet. In that case, the supreme court held that, "There is a caption when the defendant takes possession; he takes possession when he exercises dominion and control over the property. There is an asportation when he carries away the property; any carrying away movement, however slight, even though it takes but a moment, is sufficient." Harbin, 402 So.2d at 361-62.
¶ 9. According to Black's Law Dictionary, "harvesting" refers to "[t]he act or process of gathering of crops of any kind." Black's Law Dictionary, 718 (6th ed.1990). It is obvious from this definition, as well as from common sense, that harvesting necessarily involves some degree of movement of the good in question. Furthermore, as stated above, even a slight movement of a good can constitute a "carrying away" so as to sustain a conviction of larceny. We have no difficulty finding that, where the indictment charging Pollard with larceny alleged that he feloniously "harvest[ed]" timber from the property of Melwyn Shirley, this served as an adequate replacement for the term "carried away." Thus, we find that Pollard's indictment was not defective, as it set forth each element of the crime with which he was charged. This issue is without merit.

II. WHETHER THE JURY WAS PROPERLY INSTRUCTED AS TO THE ESSENTIAL ELEMENTS OF THE CRIME.
¶ 10. As set forth supra, section 97-17-59(2) of the Mississippi Code sets forth the elements for larceny of timber of the value of $250 or more:
Any person who shall knowingly, willfully and feloniously take, steal and carry away from the lands of another any merchantable timber on the property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, whether such timber is growing, standing, or lying on the lands, shall be guilty of a felony; and upon conviction thereof, shall be punished by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or by imprisonment in the Penitentiary for a term of not less than one (1) year nor more than five (5) years, or both, in the discretion of the court.
(Emphasis added). However, jury instruction C-8 erroneously stated the elements of the crime. It read:
The Court instructs the Jury that, should you find from the evidence in this case, beyond a reasonable doubt that:

*87 1. On or about the 8th day of January, 2003 in Lauderdale County, Mississippi;
2. The Defendant, Robert Ed Pollard, did wilfully and unlawfully take, steal or cut or did authorize his employees to unlawfully take, steal or cut the timber of Melwyn Shirley and the value of that timber was over $250.00;
then it is your sworn duty to find the Defendant guilty of Timber Theft over $250.00.
(Emphasis added). Pollard contends that the trial court committed plain error in allowing instruction C-8, as it improperly set forth the elements of the crime of timber larceny and thus deprived him of the right to a fair trial.
¶ 11. As an initial matter, we find that while defense counsel did not object to instruction C-8 at trial, the issue is nonetheless properly before this Court via the doctrine of plain error. Ordinarily, counsel's failure to object to a given instruction at trial serves as a procedural bar on appeal, unless its granting constitutes plain error. Berry v. State, 728 So.2d 568, 571(¶ 6) (Miss.1999). The Mississippi Supreme Court has held that the failure to submit to the jury the essential elements of a crime amounts to plain error. Id. (citing Hunter v. State, 684 So.2d 625, 636 (Miss.1996)). Furthermore, the prosecution, not the defendant, bears the burden of instructing the jury on the essential elements of the crime. Hunter, 684 So.2d at 635. In this case, the trial court committed plain error by adopting an instruction that did not fully instruct the jury on the elements of the crime; thus, the procedural bar does not apply. See Berry, 728 So.2d at 568(¶ 6).
¶ 12. The careless use of the word "or" (emphasized above) instead of "and" in instruction C-8 resulted in an erroneous statement of the law that deprived Pollard of his fundamental rights. As written, the instruction allowed Pollard to be convicted upon proof beyond a reasonable doubt that heassuming that the timber in question was valued at $250 or abovemerely cut the timber of Melwyn Shirley or authorized his employees to cut Shirley's timber. Such a showing, alone, would obviously be insufficient to sustain a conviction of timber larceny, as the instruction does not account for the other elements of the crime, namely, that that the timber be taken "knowingly, willfully and feloniously," and that the timber be "carried away."
¶ 13. In instances where the jury is given incorrect or incomplete instructions regarding the elements of a crime, "our review task is nigh unto impossible and reversal is generally required." Henderson v. State, 660 So.2d 220, 222 (Miss.1995). As the trial court committed plain error in giving instruction C-8, we are compelled to reverse and remand for a new trial.

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO PERFORM AN ON-THE-RECORD M.R.E. 403 BALANCING UPON DEFENSE COUNSEL'S OBJECTION TO THE INTRODUCTION OF EVIDENCE OF ANOTHER BAD ACT COMMITTED BY POLLARD.
¶ 14. Under direct examination by the State during its case-in-chief, Duncan testified, over objection by defense counsel, that Pollard had not paid him for several loads of timber cut from his land. Defense counsel's objection to this testimony was that it was irrelevant and unduly prejudicial. The prosecution countered, arguing that evidence of this additional wrongful act was offered pursuant to M.R.E. 404(b) to prove Pollard's intent to steal. The trial court overruled defense counsel's objection, stating:

*88 To me this is a[403] and 404(B), evidence of other crimes, or evidence that's not admissible to show, prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, absence of mistake. So even though under 403 it's relevant, the whole issue of this case is intent. So, therefore, I think it's admissible.
¶ 15. It is well-settled that, once proof of other bad acts of a defendant is deemed admissible pursuant to M.R.E. 404(b), this evidence must still survive the required balancing test pursuant to M.R.E. 403. See, e.g., Jones v. State, 920 So.2d 465, 475(¶ 32) (Miss.2006); Watts v. State, 635 So.2d 1364, 1368 (Miss.1994). In such an instance, the trial court is charged with determining whether the probative value of the evidence is substantially outweighed by the danger of its resultant unfair prejudice. Id. In making this determination, the trial court is given a degree of discretion. Id. at 475(¶ 33). In the present case, though the trial court did not use "magic words," it is implicit in the trial court's statements that it found the evidence more probative than prejudicial. We cannot find that the trial court abused its discretion, and therefore, we find this issue to be without merit.

IV. WHETHER THERE WAS SUBSTANTIAL DOUBT AS TO WHICH STATUTE APPLIED IN POLLARD'S CASE.
¶ 16. Pollard argues that, rather than being sentenced as a felon pursuant to section 97-17-59(2), he should have been sentenced pursuant to section 97-17-81 of the Mississippi Code (Rev.2000), which makes it a misdemeanor to "cut or raft" certain timber from the lands of another. He contends that the misdemeanor statute and the felony statute encompass the same conduct, and that, accordingly, he should have been sentenced to the lesser penalty. We find his argument unpersuasive.
¶ 17. Section 97-17-81 reads:
If any person shall cut or raft any cypress, pine, oak, gum, hickory, pecan, walnut, mulberry, poplar, cottonwood, sassafras, or ash trees or timber upon any lands belonging to any other person or corporation, without permission from the owner thereof, or his agent duly authorized, such person shall, on conviction, be imprisoned in the county jail not more than five months, or fined not less than ten dollars nor more than one thousand dollars, or both.
¶ 18. In contrast, section 97-17-59(2) reads:
Any person who shall knowingly, willfully and feloniously take, steal and carry away from the lands of another any merchantable timber on the property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, whether such timber is growing, standing, or lying on the lands, shall be guilty of a felony; and upon conviction thereof, shall be punished by a fine of not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or by imprisonment in the Penitentiary for a term of not less than one (1) year nor more than five (5) years, or both, in the discretion of the court.
¶ 19. The Mississippi Supreme Court has held that "when facts constituting a criminal offense may fall within either of two or more statutes or there is substantial doubt as to which applies, the statute imposing the lesser punishment shall be applied." Bourdeaux v. State, 412 So.2d 241, 243 (Miss.1982); see also Grillis v. *89 State, 196 Miss. 576, 586, 17 So.2d 525, 527 (1944). Pollard argues that, because there is a substantial doubt as to which statute applies to his conduct, he should be subjected to the lesser punishment set forth in section 97-17-81.
¶ 20. We find it clear from the indictment that Pollard was charged with the felony of larceny of timberprohibited by section 97-17-59 of the Mississippi Code and that he was not charged pursuant to the misdemeanor statute. The inclusion in Pollard's indictment of the phrase "wilfully, unlawfully, and feloniously," and the inclusion of the value of the stolen timber, make it apparent that Pollard was charged pursuant to the felony statute. Had the State intended to charge Pollard with a misdemeanor, it would have been required to assert only that Pollard cut or rafted timber from another without permission. Furthermore, the inclusion of language in the indictment alleging a "felonious" intent on the part of Pollard makes our decision much easier. Finding that there was not substantial doubt as to which statute applied to Pollard's conduct, we find this issue to be without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] While Pollard also contends that the indictment was defective for its failure to assert that he "stole" the timber in question, we find that the term was unnecessary. The indictment alleged that the harvesting was willful, unlawful, and felonious; the inclusion of these words obviated the need for the word "steal" to appear in the indictment.