ISHEE, J.,
for the Court:
¶ 1. In 2011, Robert Ed Pollard pleaded guilty to and was convicted in the Lauder-dale County Circuit Court of one count of motor-vehicle theft. He was sentenced as a habitual offender to five years, day for day, in the custody of the Mississippi Department of Corrections (MDOC). In January 2012, Pollard filed a motion to correct his sentence. The motion was treated as one requesting post-conviction relief (PCR). The PCR motion was denied. Approximately one year later, he filed another PCR motion challenging his sentence. The subsequent PCR motion was dismissed as a successive writ. Pollard now appeals the dismissal of his second PCR motion. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Pollard was convicted in the Lauder-dale County Circuit Court of embezzlement in 1989, aggravated assault in 1998, and stealing timber in 2003. Although the conviction for stealing timber was reversed *1243 and remanded by this Court in 2006,[1] Pollard subsequently pleaded guilty to the charge in 2007. The record also indicates that Pollard was convicted of timber stealing again in the Kemper County Circuit Court in 2009.
¶ 3. Pollard was arrested again in Laud-erdale County, Mississippi, in 2010 and charged with four counts of motor-vehicle theft. In February 2011, subsequent to plea-bargain negotiations, Pollard pleaded guilty to one count of motor-vehicle theft. The circuit court entered an order of nolle prosequi as to the remaining three counts of motor-vehicle theft. The circuit court then sentenced him as a habitual offender to five years in the custody of the MDOC, to be served day for day.
¶ 4. On January 23, 2012, Pollard filed a motion to correct his sentence and claimed he was illegally sentenced as a habitual offender because the circuit court did not have enough evidence before it of prior convictions. The circuit court denied the motion in a lengthy order dated May 4, 2012, and cited evidence from the record and from Pollard’s criminal history rendering Pollard’s claims moot. Pollard then filed another PCR motion on December 18, 2012, asserting the same issues. The circuit court dismissed the second PCR motion as a successive writ. Pollard now appeals.
DISCUSSION
¶ 5. “We will not disturb a circuit court’s denial of a PCR motion unless the decision is found to be clearly erroneous.” Brown v. State, 71 So.3d 1267, 1268 (¶ 4) (Miss.Ct.App.2011) (citation omitted). Questions of law are reviewed de novo. Id.
¶ 6. Mississippi Code Annotated section 99-39-23(6) (Supp.2012) applies to successive writs and provides that an issue raised by a movant and addressed in a final judgment cannot be raised by the movant again. Any motion filed after entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ. Id.
¶ 7. Here, Pollard filed a motion to correct his sentence in January 2012. The record reflects that the circuit court properly addressed Pollard’s motion as a PCR motion. The circuit court conducted an in-depth analysis of Pollard’s claims and produced a lengthy order in May 2012 detailing the reasoning behind the denial of the motion.
¶ 8. Nonetheless, in December 2012, Pollard filed another PCR motion challenging his sentence on the same grounds. The issues he raised in his second PCR motion are virtually identical to those raised in his first PCR motion. Since the first PCR motion was adjudicated in a final judgment dated May 4, 2012, Pollard’s second PCR motion classifies as a successive writ under section 99-39-23(6), and no exception to that procedural bar applies. As such, the circuit court properly dismissed Pollard’s PCR motion as procedurally barred. This issue is without merit.
¶ 9. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. See Pollard v. State, 932 So.2d 82, 89 (¶ 21) (Miss.Ct.App.2006).