# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00873-COA

MARCUS ANDREW WALKER A/K/A MARCUS WALKER A/K/A MARCUS A. WALKER

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2016 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JASON L. DAVIS |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Marcus Walker was convicted of felony escape in Forrest County Circuit Court, and sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC). After the circuit court denied his post-trial motion, he appealed.  Finding no error, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2008, Walker was convicted of simple robbery and sentenced to twenty years in the custody of the MDOC, with fifteen years suspended and five years of post-release

supervision. In October 2012, Walker was arrested on a misdemeanor charge. The circuit court entered an order revoking Walker's probation for the robbery charge on November 1, and he was ordered to serve five years of his suspended sentence in the custody of the MDOC. While Walker was being held by the Forrest County Sheriff's Department, awaiting transportation to an MDOC facility, he was assigned as a trustee to the service center utilized by the sheriff's department for servicing its vehicles. On November 26, 2012, he escaped from the work detail.

¶3. On December 8, 2012, the United States Marshal's Fugitive Task Force received a tip that Walker was in a motel room in Hattiesburg, and he was arrested without incident. On December 10, 2012, MDOC Investigator James Cooksey interviewed Walker. After being advised of his rights, Walker signed a waiver and gave a statement, admitting he was serving a five-year sentence for robbery. Walker said he walked around the fence in the service center, camped out in nearby woods, and stayed with relatives until they discovered he was a fugitive and made him leave. He stayed at a nearby motel until he was apprehended.

¶4. After a jury trial, Walker was convicted of felony escape on May 12, 2016, and sentenced to five years in MDOC custody, with the sentence to run consecutively to any other sentence(s) being served. Walker filed a motion for a judgment notwithstanding the verdict, which the court denied. Aggrieved, Walker filed this appeal. Walker is represented by the Indigent Appeals Division of the Office of State Public Defender, which has filed a brief with this Court pursuant to *Lindsey v. State,* 939 So. 2d 743 (Miss. 2005), stating no arguable issues exist for appeal. Appellate counsel confirmed that he sent a copy of the brief to

Walker, along with correspondence informing Walker that he found no arguable issues in the record to raise as error and that Walker had a right to file a pro se brief to raise any perceived errors. Walker has submitted a pro se brief, arguing: (1) the State failed to prove beyond a reasonable doubt the required elements of felony escape; (2) the jury should have been instructed on a lesser-included misdemeanor escape charge; and (3) his indictment was defective as it had expired under Mississippi Code Annotated section 99-17-1 (Rev. 2015).

## DISCUSSION

¶5. In *Lindsey,* the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal, stating:

    (1)    Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]; *see also* [*Smith v.*] *Robbins,* 528 U.S. [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

    (2)    As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

    (3)    Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

3

(4)     Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5)     Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (internal citations and footnotes omitted). We find Walker's attorney has complied with all the requirements of *Lindsey*. Appellate counsel's brief states that he "diligently searched the procedural and factual history of this criminal action and scoured the record," finding no arguable issues for appeal. Counsel also asserts he considered and reviewed:

(a) the reason for the arrest and the circumstances surrounding the arrest of Walker; (b) any possible violation of Walker's right to counsel; (c) the entire trial transcript and content of the record; (d) all rulings of the trial court; specifically, the rulings on various defense counsel objections, including, but not limited to, objections made by defense counsel that were properly sustained; (e) possible prosecutorial misconduct; (f) all jury instructions, specifically, but not limited to, those requested by defense counsel and denied by the trial court; (g) all exhibits, whether admitted into evidence or not; (h) possible misrepresentation of the law in sentencing, including but not limited to the constitutionality of Walker's sentence; (i) the indictment and all of the pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues; (k) any potential discovery violations; (l) any potential violation to Walker's speedy[-]trial right; and (m) whether there was error in failing to grant Walker's lesser-included misdemeanor escape instructions.

Walker was informed that counsel found no arguable issues in the record and that he had the right to file a pro se brief, which he did. We will briefly address the merits of Walker's claims.

¶6.     Walker argues that because he did not escape using force or violence, he was indicted

4

under the improper statute. Mississippi Code Annotated section 97-9-49 (Rev. 2014) provides:

> (1)(a) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
>
> (b) Whoever escapes or attempts by force or violence to escape from any confinement for contempt of court, shall, upon conviction, be found guilty of a misdemeanor and sentenced to imprisonment not to exceed six (6) months in the county jail.
>
> (2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who willfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and shall be subject to the penalties provided in subsection (1).

The Mississippi Supreme Court has rejected Walker's argument, finding that the "use of force or violence" is not a required element of the offense of escape under section 97-9-49(1).

> Correctly read, the statute provide[s] for two offenses: escape and attempted escape. First, escape, without adjectival qualification, is made unlawful. Then, attempts at escape "by force or violence" are made unlawful. The "force or violence" wording in the statute refers only to attempted escape and not to the separate and distinct offense of escape, properly so called.

*Miller v. State*, 492 So. 2d 978, 981 (Miss. 1986) (footnote omitted). Walker was charged

5

with escape; therefore, the State was not required to prove Walker used "force or violence" to escape.

¶7.    Walker also contends that the court's refusal of his instruction on lesser-included misdemeanor escape was reversible error. Generally, jury instructions are within the circuit court's discretion; therefore, this Court reviews the circuit court's denial of a jury instruction for abuse of discretion. *Wallace v. State*, 139 So. 3d 75, 77 (¶7) (Miss. Ct. App. 2013) (citing *Newell v. State*, 49 So. 3d 66, 73-74 (¶20) (Miss. 2010)). Denying Walker's post-trial motion, the circuit court determined that "jury instructions related to the lesser offense of misdemeanor escape w[ere] not warranted under the evidence or applicable law." We agree. "No party is entitled to an instruction unless it is supported by the evidence." *McDonald v. State*, 784 So. 2d 261, 267 (¶31) (Miss. Ct. App. 2001). The circuit judge revoked Walker's probation for the charge of robbery on November 1, 2012. Walker escaped from custody on November 26, while awaiting transfer to an MDOC facility. In his statement to the MDOC investigator, Walker confessed that he left the work detail without authorization and that he was in custody for robbery, a felony. Further, at a hearing on his motion to suppress his statement, Walker acknowledged that he gave the statement of his own free will and that his statement was truthful and correct. "Absent a factual basis for an instruction, there is no error in refusing to grant it." *Teer v. State*, 843 So. 2d 39, 42 (¶5) (Miss. Ct. App. 2002) (quoting *Bolton v. State,* 752 So. 2d 480, 485 (¶24) (Miss. Ct. App. 1999)). As there was no evidence to support a jury instruction for misdemeanor escape, we find no abuse of discretion in the court's refusal of the instruction.

6

¶8.     Lastly, Walker claims that he should have not gone to trial because his indictment expired under Mississippi Code Annotated section 99-17-1, which states: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." The first step in determining whether a statutory violation of the right to a speedy trial occurred "is to calculate the total number of days between arraignment (the statute clearly states that is when the right attaches) and the actual trial." *Walker v. State*, 196 So. 3d 978, 982 (¶17) (Miss. Ct. App. 2015) (quoting *Sharp v. State,* 786 So. 2d 372, 378 (¶5) (Miss. 2001)).  Since Walker was arraigned on January 25, 2016, and convicted on May 12, 2016 – a total of 108 days – his claim has no merit.

¶9.     Accordingly, we affirm the circuit court's judgment.

¶10.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

7